**Lonnie S. LARSON, Appellee,**

v.

**Arthur L. McKENZIE, Warden, West Virginia Penitentiary, and West Virginia Board of Probation and Parole, Appellants,**

**and**

**State of Louisiana, 19th Judicial District; Baton Rouge, Louisiana, Defendant.**

**No. 76–1821.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 12, 1977.

Decided April 20, 1977.

---

John L. Davis, Asst. Atty. Gen., Charleston, W. Va. (Chauncey H. Browning, Jr., Atty. Gen., Betty L. Caplan, Asst. Atty. Gen., Charleston, W. Va., on brief), for appellants.

Brad H. Thompson, Wheeling, W. Va. (Bailey, Byrum & Vieweg, Wheeling, W. Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and FIELD, Senior Circuit Judges.

PER CURIAM:

The district court granted the petition of Lonnie S. Larson for habeas corpus relief, holding that the petitioner's constitutional right to due process had been violated by the failure of the State of West Virginia to grant him a prompt parole revocation hearing. West Virginia has appealed and we reverse.

On January 18, 1971, Larson was convicted of burglary in the Circuit Court of Morgan County, West Virginia, and received an indeterminate sentence of one to fifteen years. He was paroled from the West Virginia Penitentiary in May of 1973, and upon his release was taken to Franklin County, Pennsylvania, pursuant to a detainer filed against him by that State. The Pennsylvania charges were ultimately dismissed and after notifying the West Virginia Division of Corrections, Larson moved to Baton Rouge, Louisiana. On December 4, 1973, Larson was sentenced to two and one-half years in the Louisiana State Penitentiary upon his conviction of a felony in that state.

Based upon Larson's felony conviction in Louisiana, West Virginia issued a warrant charging him with a violation of his parole, and a detainer was lodged with the Louisiana authorities. Larson demanded a prompt hearing, but West Virginia declined his request and no hearing was held until the completion of Larson's Louisiana sentence in March of 1975. A preliminary revocation hearing was held on May 9, 1975, and a final hearing was conducted in June of that year. By order of June 17, 1975, West Virginia revoked Larson's parole on the basis of his Louisiana conviction.

In *Gaddy v. Michael,* 519 F.2d 669 (4 Cir. 1975), we held that fundamental fairness required that a parole violator's warrant should be executed with reasonable dispatch and thereafter a hearing should be conducted within a reasonable period of time. We recognized, however, "that 'where a warrant has been properly issued within the maximum term of the sentence, the execution of that warrant may be held in abeyance for the service of an intervening sentence' and again such delay is reasonable." (Citations omitted). *Id.,* at 674. The rationale which we applied in *Gaddy* was, impliedly at least,[1] approved in *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), where the Court held that a federal parolee was not constitutionally entitled to an immediate hearing where the revocation warrant was issued and

---

1. *See, Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), n. 1.

lodged with the institution of his confinement as a detainer but was not executed. In our opinion *Moody* is controlling in the present case and, accordingly, Larson was not entitled to habeas corpus relief. The judgment of the district court is reversed.

*REVERSED.*