Fred W. MAUNEY, Appellee,

v.

Sam GARRISON, Warden, Central Prison, Ben L. Baker, Combined Records, Prison Officials, North Carolina Department of Corrections, et al., Appellants.

No. 76–2018.

United States Court of Appeals, Fourth Circuit.

Argued March 18, 1977.

Decided June 30, 1977.

Jacob L. Safron, Sp. Deputy Atty. Gen., Raleigh, N. C. (Rufus L. Edmisten, Atty. Gen. of N. C., and Richard N. League, Asst. Atty. Gen., Raleigh, N. C., on brief), for appellants.

Ralph S. Spritzer, Philadelphia, Pa., for appellee.

Before WINTER and BUTZNER, Circuit Judges, and FIELD, Senior Circuit Judge.

PER CURIAM:

Fred W. Mauney, a North Carolina prisoner, filed a complaint in the district court which was treated as a petition for habeas corpus relief. In his complaint, Mauney challenged the revocation of his state probation upon the grounds (1) that revocation occurred subsequent to the expiration of his probationary period and (2) that he was entitled to credit against his sentence for the time which he had spent on probation. The district court concluded that Mauney should be given credit for the time that he was in his probationary status and ordered his immediate release. The state appealed and we reversed the judgment of the district court and remanded the case with instructions to dismiss the petition. *Mauney v. Garrison*, 532 F.2d 751 (4 Cir. 1976).

Upon remand the district court again ordered Mauney's release on the basis of his first claim that revocation had occurred after the expiration of his probation. The state has appealed and we again reverse the district court.

Mauney was convicted in Mecklenburg County, North Carolina, upon his plea of guilty to a charge of store breaking and received a sentence of three to five years. However, on November 3, 1967, the Mecklenburg County Superior Court suspended the sentence and placed him on five years' probation. Mauney accepted the probation on November 10, 1967. In April of 1972 Mauney was convicted of possessing marijuana and fireworks and was sentenced to six months' imprisonment. He appealed this conviction to the North Carolina Court of Appeals and while this appeal was pending, on November 1, 1972, a probation violation warrant was issued by the Superior Court of Mecklenburg County under the 1967 conviction. In January of 1973 the Court of Appeals of North Carolina affirmed the conviction and on April 2, 1973, certiorari was denied by the Supreme Court of North Carolina. On January 29, 1974, Mauney commenced serving his six months sentence and thereafter on February 21, 1974, his 1967 probation was revoked and his original sentence was activated.

In the light of the foregoing chronology, it is clear that the violation warrant was issued prior to the expiration of the probation period, and it is equally clear that the warrant was executed and probation revoked after the petitioner had started serving his sentence under the 1972 convictions. Under these circumstances Mauney's case falls within our decision in *Gaddy v. Michael*, 519 F.2d 669 (4 Cir. 1975), where we observed "that 'where a warrant has been properly issued within the maximum term of the sentence, the execution of that warrant may be held in abeyance for the service of an intervening sentence' and again such delay is reasonable." (Citations omitted). *Id.*, at 674. In *Larson v. McKenzie*, 554 F.2d 131 (4 Cir. 1977), we noted that the rationale which we applied in *Gaddy* was, impliedly at least, approved in *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). We find these decisions controlling in the present case and, accordingly, Mauney was not entitled to habeas corpus relief. The judgment of the district court is reversed.

*REVERSED.*