James SPOTTED BEAR,
Petitioner–Appellant,

v.

Cecil C. McCALL, Chairman, United States Parole Commission, and United States Parole Commission, Respondents–Appellees.

No. 79–2688.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 1980.

Decided Nov. 21, 1980.

Gary F. Bass, Levinski, Bass, Johnson, Seattle, Wash., for petitioner–appellant.

James B. Crum, Spokane, Wash., for respondents–appellees.

Before SNEED and ANDERSON, Circuit Judges, and EAST *, District Judge.

SNEED, Circuit Judge:

The issue before us is whether the granting of a writ of habeas corpus, which quashed an unexecuted parole violation warrant because of a failure to provide a prompt parole revocation hearing, despite the fact that the petitioner was then in

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

custody of state officials serving a sentence of life imprisonment for murder, bars the issuance of a second parole violation warrant following the decision of the Supreme Court in *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), when a parole revocation hearing has never been held and the petitioner remains in the custody of state officials. We hold that the quashing of the original parole violation warrant under the circumstances of this case does not bar the issuance of a second parole violation warrant. We, therefore, affirm the denial of the writ of habeas corpus by the district court. Our jurisdiction rests on 28 U.S.C. § 2253 (1976).

## I.

### FACTS

The facts surrounding the granting of the first writ of habeas corpus are as follows. In 1951 James Spotted Bear was convicted in federal court of murder on an Indian Reservation and was sentenced to life imprisonment. He was granted parole on January 10, 1967. Shortly thereafter, Spotted Bear was arrested on the basis of several alleged offenses by authorities of the State of Washington and ultimately was convicted of yet another murder for which he received a life sentence which he is currently serving while in the custody of officials of the State of Washington. On December 14, 1972, federal officials had a parole violation warrant lodged as a detainer against Spotted Bear. No parole revocation hearing was held.

In 1975 Spotted Bear filed a habeas petition in the United States District Court for the Eastern District of Washington challenging his "custody" under the parole violation warrant on the ground that he had been deprived of due process. The court granted the writ and quashed the unexecuted parole violation warrant, presumably relying on *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). This reliance proved erroneous when in the following year both this circuit and the Supreme Court held that under such circumstances there was no constitutional duty on the part of the Parole Commission to hold a parole revocation hearing until the parolee is released from his intervening state sentence and taken into federal custody by execution of the warrant. *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *Reese v. United States Board of Parole*, 530 F.2d 231 (9th Cir.), *cert. denied*, 429 U.S. 999, 97 S.Ct. 525, 50 L.Ed.2d 609 (1976).

Following these decisions the Parole Commission issued a new parole violation warrant and filed it as a detainer against Spotted Bear. This produced a second petition for a writ of habeas corpus which was denied by the same district court that had granted the first petition. It is this denial that we here affirm.

## II.

### DISCUSSION

■ Appellant Spotted Bear argues that the failure to afford a speedy revocation hearing under the law prior to *Moody v. Daggett, supra*, should be treated as is a failure to afford a constitutionally required speedy trial with the result that revocation of parole is no more proper than is retrial following a failure to provide the required speedy trial. Revocation of parole being improper, the parole violation warrant should be quashed.

The argument is not valid. Failure to obtain the constitutionally required speedy trial prejudices the ability of the accused to obtain a fair trial. Failure to afford a speedy parole revocation hearing when the parolee is in the custody of state officials serving a state sentence imposes no similar prejudice on the parolee. In the revocation proceeding relitigation of the state conviction and sentence would be improper. *Morrissey v. Brewer*, 408 U.S. at 490, 92 S.Ct. at 2604. The state conviction and sentence is the source of the appellant's misfortune, not the absence of a speedy revocation hearing. It is alleged, and we assume correctly so, that the second parole violation warrant and detainer has foreclosed appellant from certain rehabilitative programs, and from

consideration for parole from custody of the State of Washington. This constitutes prejudice, we acknowledge, but it is not prejudice resulting from the lack of a speedy parole revocation hearing. It is the result of appellant's record of convictions.

What appellant is seeking to do in this proceeding is to use an erroneous decision of the district court to create a right which has to this date never existed, *viz.*, the right not to have his federal parole revoked even when convicted, sentenced, and imprisoned by state authorities. This reality lays bare the flaw in appellant's *res judicata* argument. He contends that the granting of the writ of habeas corpus in 1975 requires that it be granted in 1979. The two proceedings did not involve the same issue. The 1975 proceeding was concerned with whether a revocation hearing was necessary; the 1979 proceeding is concerned with the effect of the erroneous 1975 decision on the appellant's 1979 petition. Even had the 1975 decision to grant the writ been proper, a proceeding in 1979 would have required confronting the question whether a new parole violation warrant and detainer accompanied by a prompt hearing, which it will be assumed would have been required, would be permissible. This would have presented an issue not involved in the 1975 proceedings. *Res judicata* provides no comfort to the appellant.

All other contentions raised by the appellant either were not raised below, and which we therefore now decline to consider, or are without substance.

Affirmed.