**George HEATH, Petitioner,**

v.

**UNITED STATES PAROLE COMMISSION, Respondent.**

**No. CIV–81–931C.**

United States District Court,
W. D. New York.

Nov. 25, 1981.

George Heath, pro se.

CURTIN, Chief Judge.

Petitioner *pro se* in this action is presently incarcerated in Erie County Holding Center in Buffalo, New York. He seeks permission to proceed in forma pauperis on his application for habeas corpus relief.

Petitioner was originally serving a federal sentence, but had been released on parole. On June 24, 1981 he was arrested in Buffalo for attempted armed robbery. Based on this arrest, the United States Parole Commission apparently lodged a detainer against him for his violation of parole. However, petitioner asserts he has not received either formal notice of the Parole Board's action or a hearing on the violation. He allegedly wrote to the Parole Commission in September to reinstate his parole status, but has received no response.[1] He now seeks reinstatement of his parole from this court, claiming the Parole Commission deprived him of due process by failing to provide him with notice and a hearing within 120 days.

Although his application is not entirely clear, petitioner is apparently in the Holding Center awaiting disposition of the armed robbery charges. As such, the Parole Commission may withhold the issuance of a summons or warrant against him (which comprises the required notice; *see* 28 C.F.R. § 2.44(e)), or may hold in abeyance an issued warrant until the disposition of the outstanding charges. 18 U.S.C. § 4213(b); 28 C.F.R. § 2.44(b). This delay is legally justified on several grounds, including the possibility that the warrant might not be executed if petitioner is ultimately acquitted. *Rhodes v. United States Parole Commission*, 456 F.Supp. 17, 19–20 (D.Conn. 1977). Additionally, far from offending petitioner's due process rights, such a delay keeps him from being faced with the intolerable dilemma of having to decide whether to testify at a revocation hearing while criminal charges are pending. *Id.* Furthermore, a parole revocation hearing is not mandated until petitioner has actually been charged, via the summons or warrant, with a parole violation. *Moody v. Daggett*, 429 U.S. 78, 86, 97 S.Ct. 274, 278, 50 L.Ed.2d 236 (1976); *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). 18 U.S.C. § 4214(c). Under these circumstances, if petitioner has not yet been convicted on the state charges, his failure to receive either notice or a hearing for his alleged parole violation does not violate either federal law or the Due Process Clause.

Once a federal parolee is convicted and sentenced on the state charges, a detainer may be placed against the parolee by virtue of the conviction. The detainer must be reviewed, with notice and an opportunity to be heard given to the parolee, within 180 days after the detainer's placement.[2] 18 U.S.C. § 4214(b)(1); 28 C.F.R. §§ 2.47(a); 2.47(a)(2). However, the parolee is not entitled to a parole revocation hearing until the federal warrant is actually executed.[3] *Moody v. Daggett, supra* at 86, 89, 97 S.Ct. at 278, 279.

1. The Regional Office of the United States Parole Commission has informed the court that a response was mailed to petitioner on October 28, 1981.

2. Fewer than 180 days have elapsed since June 24, 1981, when petitioner was arrested. As such, even if the detainer was placed on petitioner by virtue of a state conviction, the notice requirements have not yet attached.

3. 28 C.F.R. § 2.47(a)(2)(i) requires the revocation hearing to be held after the alleged violator's return to a federal institution or after eighteen months' confinement on the state prison term, whichever comes first.

Accordingly, regardless of whether he is awaiting disposition of the state criminal charges, or has already been convicted, petitioner has neither a due process right to the immediate execution of the warrant, nor to a parole revocation hearing until the Parole Commission's warrant has been executed. Petitioner's request to proceed in forma pauperis in this habeas corpus action is therefore denied, 28 U.S.C. § 1915(d), with the qualification that the Clerk is directed to file petitioner's papers without payment of fee.

Service of process on respondent shall not issue. The petition is hereby dismissed.

Certificate of probable cause is denied.

Permission to appeal in forma pauperis is also denied with the qualification that the petitioner may file a notice of appeal with the Clerk of the United States District Court, United States Courthouse, Buffalo, N.Y., 14202, without payment of filing fees. Notice of appeal must be filed within thirty days of the date of the judgment.

This denial does not prevent the petitioner from applying directly to the Court of Appeals for the Second Circuit, United States Courthouse, Foley Square, New York, N.Y., 10007, for a certificate of probable cause and for permission to prosecute an appeal in forma pauperis.

So ordered.