George HEATH, Plaintiff-Appellant,

v.

UNITED STATES PAROLE COMMISSION and Robert Henderson, Superintendent of Auburn Correctional Facility, Defendants-Appellees.

Docket 85–2167.

United States Court of Appeals, Second Circuit.

April 15, 1986.

George Heath, pro se.

Frederick J. Scullin, Jr., U.S. Atty., N.D. N.Y., Albany, N.Y., for defendant-appellee U.S. Parole Com'n.

Robert Abrams, Atty. Gen., State of N.Y., Albany, N.Y., for defendant-appellee Robert Henderson.

Before LUMBARD, CARDAMONE, and WINTER, Circuit Judges.

CARDAMONE, Circuit Judge:

George Heath, *pro se,* appeals from a judgment entered May 7, 1985 in the United States District Court for the Northern District of New York (Munson, C.J.), denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1982), and seeks assignment of counsel. This case illustrates the unreliability of the proverb "where there's smoke, there's fire." *Cf.* Lyly, *Euphues* (1579). What makes the proverb so untrustworthy, of course, is its false premise that *all* suspicions are warranted. On first impression, appellant's claim that he did not receive timely review of parole violation charges against him suggests cause for concern. That concern disappears like a shadow under the light of a careful second inquiry when Heath's arguments are subjected to a searching examination, which reveals them to be without merit. We therefore deny the application for assignment of counsel and affirm the district court's denial of habeas relief.

I *Facts and Proceedings Below*

While on parole from a federal sentence, appellant was arrested on June 24, 1981 in New York State and charged with robbery and illegal use of a firearm. The United States Parole Commission (Commission) issued a parole violation warrant against him on July 28, 1981 based on the state charges and his unauthorized absence from the district of supervision. Apparently the warrant was never executed, but it was lodged against Heath as a detainer warrant, *see* 18 U.S.C. § 4214(b)(1) (1982), on a date not specified in the record. Several months later—on November 2, 1981, prior to the disposition of the state charges—he filed a

habeas petition in district court seeking reinstatement of his parole on the grounds that the Commission had deprived him of due process by failing to provide a timely revocation hearing. In denying relief, the court stated that Heath had no right to such a hearing until the parole violation warrant was executed, and no due process right to compel execution of the warrant. *Heath v. United States Parole Commission*, 526 F.Supp. 584, 585–86 (W.D.N.Y. 1981) (Curtin, C.J.); *see* 18 U.S.C. § 4213(b) and 28 C.F.R. § 2.44(b) (1985) (authorizing the Commission to withhold or to hold a warrant in abeyance until disposition of state charges).

On April 5, 1982 appellant was convicted of the state charges and he was sentenced on June 1 to a term of 11 to 22 years to run concurrently with his federal sentence. The Commission notified Heath on September 30, 1982 of the pending dispositional review of the detainer, as required by 28 C.F.R. § 2.47(a)(2), and informed him on April 1, 1983 that the detainer would remain in effect until a dispositional revocation hearing was scheduled. On May 31 the Commission advised him that a dispositional revocation hearing would be held. Along with this notice the Commission sent forms that appellant was requested to complete and return within 30 days. The forms were not received within that time and a Commission officer later met with Heath on July 15 to assist him in completing them. The magistrate to whom Heath's petition was referred concluded that "[a]ny delay in holding the required hearing seems to be attributable to petitioner's refusal to complete the forms as requested."

Heath filed another petition for habeas relief on July 25, 1983 again asserting that the Commission had not provided a timely revocation hearing. He requested the district court to vacate the detainer—that he claimed hindered his eligibility for rehabilitative and educational programs within state prison—and to reinstate parole, or to transfer him to federal prison. On August 29, 1983 the Commission conducted a dispositional revocation hearing at which appointed counsel represented appellant. Following the hearing, the Commission revoked appellant's parole, ordered that the time spent on parole be forfeited and that the unexpired term of his federal sentence begin to run upon his release from state custody. According to Heath, the Commission also decided to "let stand the parole detainer which will be satisfied in 1988 by way of the superseding state sentence of 11 to 22 years."

Appellant then moved for summary judgment in district court adding the following claims against the Commission to those already advanced in his July 1983 habeas petition: (1) untimely revocation hearing prejudiced his ability to present an insanity defense at his state trial; (2) improper disposition of the parole violation charges; (3) improper exclusive reliance on state conviction in revoking parole and failure to consider mitigating evidence; (4) tolling the unexpired term of his federal sentence frustrated the state court's intent to have him serve concurrent terms.

Heath's habeas petition was referred to a magistrate who concluded that the notice to Heath and the revocation hearing—calculated either from the date of Heath's state conviction (April 5, 1982) or the date of his sentencing (June 1, 1982)—had been timely. In the magistrate's view, any delay in holding the required hearing was attributable to petitioner's refusal to complete the forms as requested. Moreover, the magistrate found that Heath could not prevail on the issue of delay even if the notice time were calculated from the date the warrant was issued (July 21, 1981), because he had failed to show that the delay was both unreasonable and prejudicial. Finally, the magistrate rejected appellant's challenge to the Commission's disposition of the parole violation charges because the Commission is authorized both by statute and regulation to order forfeiture of the time spent on parole and the tolling of the federal sentence. *See* 18 U.S.C. § 4210(b)(2); 28 C.F.R. §§ 2.47(d)(2), 2.52(c)(2). The district court adopted the magistrate's report and denied Heath's ha-

beas petition. From this denial the present appeal in which appellant requests assignment of counsel is taken.[1]

## II *Right to Assignment of Counsel*

■ We begin by discussing the right to assignment of counsel on appeal. Every defendant unable to obtain counsel "shall be entitled to have counsel assigned to represent him at every stage of the proceedings from his initial appearance before the federal magistrate or the court through appeal, unless he waives such appointment." Fed.R.Crim.P. 44(a). The Criminal Justice Act similarly provides for counsel through appeal. 18 U.S.C. § 3006A(c). This right is derived from the Sixth Amendment's guarantee that every criminal defendant "shall enjoy the right [to] ... the assistance of counsel for his defense." On a direct appeal from a conviction the absolute right to counsel is assured every defendant. But appointment of counsel on an appeal involving a collateral attack on a conviction is a matter that rests within the discretion of the appeals court. *Miranda v. United States*, 455 F.2d 402, 404–05 (per curiam), *supplemented*, 458 F.2d 1179 (2d Cir.) (per curiam), *cert. denied*, 409 U.S. 874, 93 S.Ct. 207, 34 L.Ed.2d 126 (1972). Any person, according to 18 U.S.C. § 3006A(g), "seeking relief under section 2241, 2254, or 2255 of title 28 or section 4245 of title 18 may be furnished representation ... whenever ... the interests of justice so require and such person is financially unable to obtain representation." Thus, this appeal from an adverse decision in an action under 28 U.S.C. § 2241 against the Commission is one in which we must determine in the exercise of our discretion whether assignment of counsel is in the interests of justice.

■ Appellant's argument regarding the timeliness of the Parole Commission's procedures as they affect him seems persuasive at first glance. But a second look

reveals it to be without substance. Heath's claims lack merit because it is not the timeliness of the procedures that is adversely impacting him, but his commission of a felony while on parole. Further, even were the actions taken by the Commission to be held untimely—and they were not—the remedy is not habeas corpus reinstating his federal parole status (and complete release from incarceration upon state parole), but mandamus to compel the Commission to act within statutory time limitations, with appropriate sanctions against the non-complying officials. Thus, although assignment of counsel is not warranted, we believe it helpful to discuss the issues raised.

## III *Timeliness of Commission Procedures*

### A. *Dispositional Review of Detainer*

Under 18 U.S.C. § 4214(a)(1)(B) the Commission must hold a parole revocation hearing within 60 days after it makes a determination of probable cause, unless a parolee has been convicted of a crime after release on parole. 18 U.S.C. § 4214(b)(1). In the latter circumstance, the conviction constitutes probable cause. A parole revocation warrant may be placed against a parolee as a detainer warrant when the parolee "has been convicted of a crime and is serving a new sentence." *Id.; Heath*, 526 F.Supp. at 585. The parolee is entitled to notice of and a dispositional review of the detainer within 180 days. 18 U.S.C. § 4214(b)(1) 28 C.F.R. § 2.47(a)(2).

Heath argues that the detainer was lodged against him on July 28, 1981 following his arrest on June 24, 1981 and prior to his April 5, 1982 conviction. The government responds that the action taken by the Commission on June 24, 1981 was simply the issuance of a warrant. Neither the statute, nor the regulations expressly au-

---

1. Heath also moved for a certificate of probable cause to appeal and for *in forma pauperis* status. His petition, which must be considered an action pursuant to 28 U.S.C. § 2241 because his claims are against the Commission and not the state institution in which he is incarcerated, was

erroneously docketed as a § 2254 action. Inasmuch as a certificate of probable cause is not required in a § 2241 proceeding, and because *in forma pauperis* status was granted in the district court and not revoked, we need address only appellant's motion for assignment of counsel.

thorize the Commission to lodge a detainer warrant prior to conviction. In *Hopper v. United States Parole Com'n*, 702 F.2d 842 (9th Cir.1983), the court considered a petitioner's claim that the Commission was not authorized to file a detainer prior to conviction and that such action prejudiced his state pre-trial release rights and hence entitled him to a revocation hearing within 60 days under § 4214(a)(1)(B). The court stated that if the Commission lacked authority to lodge a detainer prior to conviction, the parolee may be entitled to a probable cause hearing on the warrant and a revocation hearing either contemporaneously or within 60 days of a finding of probable cause. *Id.* at 847. The court went on to hold that even if the parolee was denied his statutory rights to a timely parole revocation and probable cause hearings, he would not be entitled to habeas relief because he failed to demonstrate that the delay was unreasonable and prejudicial. *Id.*

The court in *Goodman v. Keohane*, 663 F.2d 1044, 1046–47 (11th Cir.1981) (per curiam), concluded that the Commission was authorized under 18 U.S.C. § 4214(b) to issue a detainer following arrest but prior to conviction. In our view the court misread 18 U.S.C. § 4213 when it stated the statute "generally authorizes issuance of such detainers 'as soon as practicable after discovery of [any] alleged violation' of parole." *Id.* at 1046. Section 4213 only authorizes the issuance of a summons or warrant; it makes no mention of detainers. *See Hopper*, 702 F.2d at 847 n. 5 (criticizing *Goodman* ).

■ Thus, since the Commission lacks statutory or regulatory authority to lodge detainers prior to conviction, appellant may have been entitled to a probable cause hearing on the warrant and a revocation hearing contemporaneously or within 60 days if the detainer was lodged against him prior to conviction, as he asserts. Moreover, if the detainer was lodged more than 180 days before dispositional review, the review was untimely under 28 C.F.R. § 2.47(a)(2). Yet, even if the government's failure to comply with the time require-

ments of the statute has been demonstrated, it does not end our inquiry.

■ Even assuming dispositional review was untimely, absent prejudice or bad faith on the Commission's part, the appropriate remedy is not a writ of habeas corpus, but a writ of mandamus to compel compliance with the statute. We reach this conclusion because the legislative history of the Parole Commission and Reorganization Act of 1976, 18 U.S.C. §§ 4201 *et seq.* (1976), reveals that the remedy which Congress contemplated for the Commission's failure to comply with statutory time limits was not release from confinement but a writ of mandamus to compel compliance. *See* 122 Cong. Rec. S2572, 2573 (daily ed. March 2, 1976) (statement of Sen. Burdick).

> If the Commission fails to act in accordance with these deadlines, the prisoner or parolee would not automatically be released from confinement, but he could compel the Commission to make their decision promptly.
> ... [I]f for some reason [the Commission is] unable to meet a time deadline, the prisoner or parolee could solicit the assistance of the court under existing section 28 U.S.C. 1361, which is an action in mandamus to compel an employee of the United States to perform his duty.

122 Cong.Rec. H1499, 1500 (daily ed. March 3, 1976) (statement of Rep. Kastenmeier).

Other courts have also predicated habeas relief upon a showing of prejudice or bad faith. *Hopper*, 702 F.2d at 847 (denying habeas relief because petitioner failed to show prejudice from the delay between the time the warrant was issued and the date of conviction); *accord Carlton v. Keohane*, 691 F.2d 992, 993 (11th Cir.1982) (denying habeas relief for untimely review of a detainer because petitioner failed to establish either prejudice or bad faith); *Harris v. Day*, 649 F.2d 755, 761–62 (10th Cir.1981) (Commission's failure to conduct dispositional review of the detainer was not prejudicial); *Maslauskas v. U.S. Bd. of Parole*, 639 F.2d 935, 938 (3d Cir.1980) (petitioner failed under criteria established in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33

L.Ed.2d 101 (1972), to establish prejudice from a delay of more than two and one-half years in conducting dispositional review of a detainer); *Lambert v. Warden,* 591 F.2d 4, 7–8 (5th Cir.1979) (per curiam) (mandamus action and appropriate sanctions against non-complying officials appropriate if the Commission fails to comply with statutory time limits but petitioner not entitled to habeas relief); *Sutherland v. McCall,* 709 F.2d 730, 732–33 (D.C.Cir.1983) (33-month delay between arrest on parole violator's warrant and subsequent revocation hearing did not constitute prejudice *per se* and petitioner failed to demonstrate actual prejudice); *see also Smith v. United States,* 577 F.2d 1025, 1029 (5th Cir.1978) (habeas relief denied where parolee failed to establish that hearing on the 110th day rather than within 90 days was unreasonable and prejudicial).

■ Thus, because appellant's allegations of prejudicial delay are conclusory, without suggestion of bad faith, he has already received all the relief to which he was entitled when the Commission conducted a dispositional review of the detainer and the dispositional revocation hearing. *See Carlton,* 691 F.2d at 993. The government refers to the August 29, 1983 proceeding as a "dispositional revocation" hearing. But Heath acknowledges receiving notice of the results of a dispositional review of the detainer earlier than August, 1983, i.e., on April 1, 1983. The record does not make clear whether it was a joint dispositional review-parole revocation hearing; in any event holding such a joint hearing would be proper. *Cf. Lambert,* 591 F.2d at 8.

Appellant further contends that alleged delay prejudiced his ability to present an insanity defense at his state trial, but fails to support this claim factually. He does not argue, for example, that the delay impaired his ability to present mitigating evidence. Although appellant asserts that the detainer continues to foreclose his participation in rehabilitative and educational programs within the state prison, these effects of the detainer do not constitute prejudice resulting from delay. Yet, despite the conclusory nature of his allegations, the adverse consequences of a detainer upon the conditions of appellant's state confinement have been recognized. *See Carchman v. Nash,* — U.S. —, 105 S.Ct. 3401, 3407–411, 87 L.Ed.2d 516 (June 25, 1985) (discussing the detrimental effects of detainers on prisoners' treatment and rehabilitation).

While these adverse effects may constitute prejudice, the prejudice results not from any delay which may have occurred from the procedures followed, but rather from the Commission's decision to leave the detainer in place after the hearing. *See Spotted Bear v. McCall,* 648 F.2d 546, 547–48 (9th Cir.1980) (effect of federal detainer on the inmate's eligibility for rehabilitative programs was prejudicial, but this prejudice resulted from the inmate's state conviction, not delay in holding a revocation hearing). Moreover, the Commission is expressly authorized under 18 U.S.C. § 4214(b)(3)(A) and 28 C.F.R. § 2.47(b)(1) to allow a detainer to stand following dispositional review. Thus, absent a showing that the delay was unreasonable and prejudicial, Heath is not entitled to habeas relief resulting from delay in reviewing the detainer warrant.

### B. *Revocation Hearing*

In *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), the Supreme Court held that a federal parolee serving an independent intervening sentence in the same jurisdiction has no constitutional right to a prompt revocation hearing. The Court expressly reserved the question whether the result would be different had the federal parole violator warrant been lodged as a detainer with state prison authorities. *Id.* at 88, 97 S.Ct. at 279. Subsequent lower court decisions have extended *Moody* to these circumstances. *See, e.g., Kenner v. T.C. Martin,* 648 F.3d 1080, 1081 (6th Cir.1981) (per curiam); *U.S. ex rel. Caruso v. U.S. Bd. of Parole,* 570 F.2d 1150, 1154–55 (3d Cir.), *cert. denied,* 436 U.S. 911, 98 S.Ct. 2249, 56 L.Ed.2d 411 (1978); *Deveny v. United*

*States Bd. of Parole,* 565 F.2d 875, 876 (5th Cir.1978) (per curiam); *United States ex rel. Hahn v. Revis,* 560 F.2d 264, 265–66 (7th Cir.1977); *Hicks v. United States Bd. of Paroles and Pardons,* 550 F.2d 401, 403–04 (8th Cir.1977); *Larson v. McKenzie,* 554 F.2d 131, 132–33 (4th Cir.1977) (per curiam) (state parole violator warrant lodged as a detainer with prison officials of another state); *see also Maggio v. U.S. Parole Commission,* 466 F.Supp. 322, 325 (E.D.N.Y.1979) These cases reason persuasively, as the Court did in *Moody,* that the detainer has no present or immediate effect upon protected liberty interests, since the detainer "did no more than express the [Commission's] intent to defer consideration of parole revocation to a later time." *Moody,* 429 U.S. at 86, 97 S.Ct. at 278.

■ The warrant issued against Heath apparently was never executed, but lodged instead as a detainer. Placing a detainer against a parolee who has been arrested on an intervening charge does not constitute execution of the warrant. *See Hopper,* 702 F.2d at 848; *Cook v. United States Attorney General,* 488 F.2d 667, 671 (5th Cir.), *cert. denied,* 419 U.S. 846, 95 S.Ct. 81, 42 L.Ed.2d 75 (1974); *see also United States v. Wickham,* 618 F.2d 1307, 1309 n. 3 (9th Cir.1979). But because Heath was not entitled to a hearing prior to the execution of the warrant or to compelled execution of the warrant, he suffered no deprivation of due process from the Commission's failure to take such action. Additionally, when a detainer has been filed against a parolee, the regulations establish his right to a revocation hearing upon completion of 24 months imprisonment for a state conviction, or upon his return to a federal institution. 28 C.F.R. § 2.47(b)(1)(i)(A)–(B). As earlier noted, Heath was convicted on April 5, 1982 and sentenced on June 1, 1982. He therefore received a timely dispositional revocation hearing on August 29, 1983, less than 24 months after he began serving his state sentence.

## IV *Other Claims*

### A. *Claimed Failure to Provide Individualized Consideration*

■ As a separate ground for relief, appellant next asserts that the Commission denied him individualized consideration. He claims that the Commission relied almost completely upon his state conviction in reaching its determination, and that it failed to consider mitigating evidence concerning his mental state which he presented in a letter. The Commission is explicitly directed to take into consideration whether the parolee has been convicted of any federal, state or local crime subsequent to release on parole and the seriousness of such crime when making a determination. 18 U.S.C. § 4214(d). This claim is therefore without merit.

### B. *Disposition of the Parole Revocation Charges*

■ Heath's challenge to the disposition of the parole revocation charges is similarly unavailing. Where, as in this case, a parolee while on parole is convicted of a crime punishable by a term of imprisonment, the Commission is authorized to order the forfeiture of all the time remaining on the parolee's sentence on the date of parole from federal custody. *See, e.g., Frick v. Quinlin,* 631 F.2d 37, 39–40 (5th Cir.1980); *Lambert,* 591 F.2d at 8; *Wilkerson v. United States Bd. of Parole,* 606 F.2d 750, 751 (7th Cir.1979); 18 U.S.C. § 4210(b)(2). The Commission may also determine "whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed...." 18 U.S.C. § 4210(b)(2). Thus, the Commission's disposition of the parole violation charges against Heath was plainly authorized. *See United States v. Newton,* 698 F.2d 770, 772 (5th Cir.1983) (per curiam) (the Commission did not err in ordering sentences to run consecutively); *Harris,* 649 F.2d at 760.

■ Finally, the Commission was entitled to order that Heath's unexpired

federal term run consecutively to his state sentence despite any intent on the part of the state court that Heath's state and federal sentences run concurrently. *See* 18 U.S.C. § 421(d). The Commission is not obligated to follow the recommendations of the sentencing court. *Harris*, 649 F.2d at 758–60 (the Commission was authorized to order the unexpired term of the federal sentence to run consecutively to a state sentence imposed while on parole); *Frick*, 631 F.2d at 39–40 n. 4; *cf. United States v. Sackinger*, 704 F.2d 29, 31–2 (2d Cir.1983) (although under state plea bargain the probationer was, "if possible," to receive a sentence concurrent with that imposed on probation revocation, there was no due process violation in denying revocation proceedings, with result that concurrent sentences were not imposed).

### V *Conclusion*

For the above reasons, the motion for assignment of counsel is denied and the order appealed from is affirmed.