**Christopher McMILLIAN, Petitioner,**

**v.**

**UNITED STATES ATTORNEY GENERAL, United States Marshall, Warden Stancari, Westchester County Department of Corrections, Office of the Westchester County District Attorney, Respondents.**

**No. 84 Civ. 3850 (SWK).**

United States District Court,
S.D. New York.

Sept. 19, 1986.

Robert C. D'Alvia, Croton-On-Hudson, N.Y., for petitioner.

Rudolph W. Guiliani, U.S. Atty., S.D.N.Y. by Paula A. Sweeney, for respondent.

KRAM, District Judge.

Petitioner Christopher McMillian petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner argues that a federal parole violation warrant lodged as a detainer against him by the United States Parole Commission prior to his conviction under state law violated his right to due process protected by the Fourteenth Amendment, and should be vacated.[1] Petitioner seeks relief on two grounds. First, he claims that his guilty plea was vacated before the end of his federal probation period, thus nullifying the underlying basis for the warrant. He argues that his subsequent reentry of that same plea occurred after the termination of the federal probation period, providing no ground for the issuance of a warrant. Second, McMillan claims that the detainer was improperly lodged before his actual conviction.

For the reasons stated below, the Court denies petitioner's writ of habeas corpus.

## FACTS

Petitioner was convicted of robbery by the Federal District Court for the District of Columbia and sentenced, in November, 1969, to twelve years in prison. That sentence was suspended and he was placed on probation for five years.

On May 11, 1972, petitioner was convicted of armed robbery in state court. His federal probation was revoked and he was ordered to serve his prior suspended federal sentence concurrently with his state sentence. He was paroled from his state sentence and continued to serve the federal sentence. On November 27, 1978, petition-

---

1. Petitioner also argues that lodging the detainer prevented his gaining release pending appeal of his state conviction. Since the record reflects no filing of an appeal of his state conviction, this issue does not present a "case or controversy".

er was released on parole from the federal sentence. His federal parole supervision was scheduled to terminate on May 10, 1984.

On September 24, 1982, petitioner was arrested and charged with armed robbery in New York. The United States Parole Commission was advised of his arrest, but deferred issuing a warrant pending the resolution of the charges against McMillian. On February 17, 1984, the Commission was advised by the State that petitioner had pled guilty to all charges against him and would be sentenced on March 23, 1984. After reviewing the police report and the indictment against McMillian, the Parole Commission issued a parole violation warrant on April 5, 1984. The warrant was lodged as a detainer against petitioner, who was then in state custody.

On April 25, 1984, McMillian's guilty plea was vacated. Sixteen days later, on the day after his federal parole supervision was scheduled to end, he again pled guilty to the same charges contained in his original plea. At that time, May 11, 1984, the Parole Commission was informed that petitioner had vacated and reentered his guilty plea.

The Parole Commission subsequently prepared a supplement to its original warrant application, noting the vacation and reentry of the plea. The status of the detainer was not altered throughout this period. Petitioner was sentenced in state court on June 8, 1984 to a term of from nine to eighteen years imprisonment. The federal parole violation warrant remains lodged against petitioner.

## DISCUSSION

Petitioner contends that, because he vacated his original guilty plea during his probation period and reentered it after his probation period had expired, the Parole Commission lacked grounds to issue a parole violation warrant.[2] He argues that he was not in violation of his parole because his final guilty plea was entered after his probation period had expired. This claim is without merit. The issuance of a warrant when a prisoner is "alleged to have violated the conditions of his release, and satisfactory evidence thereof is presented" is authorized by 28 C.F.R. § 2.44(a)(2).

The Parole Commission has discretion in determining the conditions under which it may issue a warrant. *See Robin v. Thomas*, 555 F.Supp. 849 (S.D.N.Y.1983). In petitioner's case, the warrant was issued based on the police report and his indictment for armed robbery. This arrest and indictment clearly occurred while petitioner remained on probation and clearly violated the terms of his parole. The warrant was therefore validly issued.

Petitioner also argues that the parole violation warrant should not have been lodged as a detainer until after petitioner's conviction. It is true that neither 18 U.S.C. § 4214(b)(1) nor 28 C.F.R. § 2.47(a), which govern detainers, authorizes the Parole Commission to lodge a detainer warrant prior to conviction. In *Heath v. United States Parole Commission*, 788 F.2d 85 (2d Cir.1986), the court acknowledged the lack of statutory support for lodging a detainer before conviction. The Court held, however, that a pre-conviction detainer did not automatically violate the petitioner's right to due process. In *Heath*, a warrant had been lodged as a detainer against the petition on the basis of his arrest alone. The Court found that any defect resulting from lodging a detainer before conviction could be cured by conducting probable cause and parole revocation hearings. The parole revocation hearing should be held either contemporaneous to, or within sixty days after, the probable cause hearing.

The effect of the warrant being lodged as a detainer prior to McMillian's conviction was to entitle him to a probable cause hearing, followed within sixty days

---

2. The record is unclear as to whether or not this was a deliberate attempt by petitioner to circumvent the issuance of the warrant. The determination of that issue, however, is irrelevant to the decision of the court.

by a parole revocation hearing. The status of his guilty plea is irrelevant to this issue.

 In fact, no probable cause hearing was held, apparently because the Commission lodged its valid warrant as a detainer on April 5, 1984, in reliance on its previous information from New York authorities that petitioner was to be sentenced on March 23, 1984. Petitioner's conviction would have obviated the need for a probable cause hearing, since conviction waives that requirement. 18 U.S.C. § 4214(b)(1). The Commission was not informed by New York Authorities that petitioner had withdrawn his original guilty plea at his sentencing until May 11, 1984, when it was also notified that petitioner had also reentered his guilty plea and was again scheduled for sentencing.

Petitioner's actual conviction, only sixty-three days after the detainer was lodged, and four weeks after the Commission received the new information from New York, satisfied the requirement of a probable cause hearing. His right to a parole revocation hearing prior to conviction was also altered by his conviction and sentencing on June 8, 1984.[3] The Court also notes that even if petitioner had not been sentenced, and the government had failed to comply with the statute's time requirements regarding the probable cause hearing, petitioner would still not be entitled to habeas relief unless he could prove that the delay was unreasonable and prejudicial. *Heath, supra,* 788 F.2d at 89. In this case, McMillan can prove no unreasonable delay or prejudice as a result of his not receiving a probable cause hearing in the sixty-three day period at issue because its necessity was quickly mooted by his conviction.

This petition therefore fails on two points. First, the warrant was properly issued because it was based on petitioner's indictment and the police report, as well as his guilty plea. Second, the fact that the warrant was lodged as a detainer prematurely did not violate petitioner's right to due process because the detainer became valid only sixty-three days after it was issued, when petitioner was sentenced. Petitioner experienced no unreasonable delay in receiving his rights, nor was the delay prejudicial to petitioner.

The Court finds that the Parole Commission's issuance of the parole violation warrant and lodging that warrant as a detainer against petitioner did not violate petitioner's right to due process. The petition is therefore DENIED and DISMISSED.

SO ORDERED.

---

**3.** Once a petitioner is convicted and serving a new sentence, a warrant lodged as a detainer must be reviewed by the Regional Commissioner "within one hundred and eighty days of notification to the Commission of placement." 18 U.S.C. § 4214(b)(1). If the Commissioner lets the warrant stand as a detainer, the parolee has the right to a revocation hearing upon completion of twenty-four months of state imprisonment on his state conviction, or upon his return to a federal institution 28 C.F.R. § 2.47(b)(1)(i)(A) and (B).