876 F.2d 895
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hubert Wayne WHITE, Plaintiff-Appellant,
v.
Charles L. DANIELS; Keith Hardison; Albert E. Conway;
Betty Lou Vaughn; Unknown Defendants 1-9,
Defendants-Appellees.
 No. 89-5268.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1989.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Hubert Wayne White moves for a declaratory judgment on appeal from the district court's sua sponte dismissal of this prisoner's civil rights case. 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Kentucky authorities paroled White, and West Virginia authorities subsequently charged him with a misdemeanor. White entered into a plea bargain which stated that the one year sentence would run concurrently with any parole violation sentence. The Kentucky authorities refused to honor the plea agreement. After White finished his sentence in West Virginia, the Kentucky authorities arrested him and required him to serve the remainder of his sentence.
 
 
 3
 In his complaint, White alleged that these actions by the Kentucky authorities violated his constitutional rights. It is true that, when a guilty plea rests on a promise, the promise must be fulfilled. Santobello v. New York, 404 U.S. 257, 262 (1971). However, when two jurisdictions are involved, the rule is different. The paroling state need not follow any intent on the part of the other jurisdiction that the new sentence and the parole term be concurrent, Heath v. United States Parole Comm'n, 788 F.2d 85, 91-92 (2d Cir.), cert. denied, 479 U.S. 953 (1986), unless the paroling state has somehow induced the guilty plea in the other jurisdiction. Saulsbury v. United States, 591 F.2d 1028, 1032 (5th Cir.), cert. denied, 444 U.S. 857 (1979).
 
 
 4
 In his complaint, White failed to allege that the Kentucky authorities induced his guilty plea in any manner. Therefore, nothing required the Kentucky authorities to run the sentences concurrently. White did not suffer a constitutional violation, and the district court correctly dismissed the complaint.
 
 
 5
 The motion for a declaratory judgment is denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.