**Gareth Jerome WILSON**

v.

**John SULLIVAN.**

**Civ. No. B–90–318(WWE).**

United States District Court, D. Connecticut.

May 2, 1991.

John T. Walkley, Trumbull, Conn., for plaintiff.

Nancy L. Griffin, Asst. U.S. Atty., New Haven, Conn., for defendant.

### MEMORANDUM OF DECISION ON PETITION FOR WRIT OF HABEAS CORPUS

EGINTON, District Judge.

On December 13, 1990, petitioner was permitted to reopen this matter upon the

exhaustion of his administrative remedies. The court found that petitioner had adequately exhausted his claim concerning whether his federal sentences should run concurrently. Accordingly, respondent was ordered to show cause as to why the relief requested should not be granted. The government filed an opposition to the granting of the writ, which prompted petitioner and his attorney to file an objection and a reply. In response, the government filed a sur-reply. For the reasons set forth below, this petition for a writ of habeas corpus will be dismissed.

On August 27, 1986, petitioner was paroled from a ten-year sentence for his conviction of conspiracy to steal from and possession of goods stolen from interstate and foreign shipment. He was to remain under supervision of the Parole Commission in the Southern District of Florida until September 17, 1995. While on parole, petitioner was convicted in the United States District Court for the Eastern District of New York of receipt and possession of goods stolen from an interstate shipment. As a result of this new conviction, petitioner was found to be in violation of his parole. The Parole Commission revoked parole, gave no credit for time served on parole, and ordered the unexpired portion of petitioner's original sentence to commence upon his release from the new sentence. Lastly, petitioner was given a presumptive parole date on his new sentence after service of 40 months (February 5, 1991), and presumptive parole from his violator term on the same day.

Relying on *United States v. Pugliese*, 860 F.2d 25, 30 (2d Cir.1988), *cert. denied*, 489 U.S. 1067, 109 S.Ct. 1344, 103 L.Ed.2d 813 (1989), petitioner argues that he is entitled to the presumption that his federal sentences run concurrently unless otherwise stated by the sentencing court. This argument is persuasive in the situation where a prisoner is sentenced on multiple counts of an indictment or when he is sentenced while serving a previously imposed sentence. However, it is not apposite in this instance where petitioner was on parole at the time he was sentenced for the new conviction. Here, pursuant to 18

U.S.C. § 4210(b)(2), the Commission has the authority to run a parole violator term concurrently or consecutively to the new federal sentence.

Although represented by counsel, petitioner filed a *pro se* objection arguing that he is not contesting the consecutive running of his parole violator term. Instead, he insists that his new federal sentence must run concurrent with his original federal sentence. Petitioner confuses the nature of his parole violator term. The parole violator term represents unexpired time from the original sentence; it is not a new sentence. *See D'Amato v. United States Parole Commission*, 837 F.2d 72, 78 (2d Cir.1988); *Heath v. United States Parole Commission*, 788 F.2d 85, 91 (2d Cir. 1986). When petitioner was released on parole he was placed under the jurisdiction of the Parole Commission. By law, the Commission has the authority to determine how the unexpired portion of a federal sentence shall be served in the event the parolee is convicted of a crime. *Id.;* 18 U.S.C. § 4210(b)(2).

Petitioner's attorney concedes that the Commission acted within its authority in determining the consecutiveness of his sentences. However, he argues for the first time that the Commission's actions must be found "null and void" because petitioner was not afforded a parole revocation hearing within 120 days of notification of the placement of the detainer pursuant to 28 C.F.R. § 2.47. The presentation of this issue at the *eleventh hour* strikes the court as disingenuous at best. First, there is no evidence that this issue was ever raised to the Commission in fulfillment of the exhaustion requirement. Second, the claim is substantively without merit, since 28 C.F.R. § 2.47(a)(1) offers some flexibility, and petitioner has failed to demonstrate any prejudice as a result of the alleged procedural error.

Accordingly, this petition for a writ of habeas corpus is DISMISSED. Petitioner's motions for release on bail and motion for an evidentiary hearing are DENIED as moot. Any appeal *in forma pauperis* from this order would not be taken in good

faith within the meaning of 28 U.S.C. § 1915(a).

SO ORDERED.