972 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carl SUTTON, Jr., Petitioner-Appellant,
v.
T.R. KINDT, Respondent-Appellee.
 No. 91-3310.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 22, 1992.[1]
Decided Aug. 13, 1992.
 
 Before EASTERBROOK and KANNE, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 The district court denied Carl Sutton, Jr.'s petition for a writ of mandamus. Our review of the briefs and the record leads us to conclude that the district court carefully considered all issues when denying the petition. We affirm for the reasons stated in the attached district court opinion.
 
 ATTACHMENT
 
 2
 UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF INDIANA
 
 TERRE HAUTE DIVISION
 
 3
 CARL SUTTON, JR., Petitioner,
 
 
 4
 v.
 
 
 5
 T.R. KINDT, Warden, Respondent.
 
 
 6
 Cause No. TH 90-200-C.
 
 ENTRY
 
 7
 This matter is before the Court on the [petition for] Writ of Mandamus and the Supplemental Petition filed by the petitioner, Carl Sutton, Jr., on January 14, 1991. In addition petitioner filed a Supplemental Motion on January 24, 1991. The respondent filed a Return to Order to Show Cause on March 18, 1991. Petitioner then filed an Objection to Respondent's Show Cause on March 25, 1991.
 
 
 8
 The Court, having read and examined the said petition and motion and the responses thereto, concludes that no evidentiary hearing is required and that this matter is ready for disposition.
 
 Statement of Facts
 
 9
 The facts before this Court are as follows:
 
 
 10
 On November 25, 1977, the United States District Court for the Southern District of Ohio sentenced Carl Sutton, Jr., to a ninety-two year term of imprisonment for conspiracy to participate in a racketeering enterprise, participation in a racketeering enterprise, distribution of heroin, possession with intent to distribute heroin, and use of a telephone to facilitate the distribution of heroin. On December 8, 1980, Sutton's sentence was reduced to a seventeen year prison term for these crimes. On July 21, 1985, Sutton was paroled from these charges.
 
 
 11
 By a letter dated April 16, 1987, United States Probation Officer Lawrence Anthony informed the United States Parole Commission (hereinafter the Commission) that Sutton had been arrested on April 13, 1987, by the Cincinnati Police Department for the possession of one kilogram of cocaine. The probation officer requested that the commission immediately issue a violator warrant for Sutton, stating that Sutton's associates were putting together funds to obtain his release on bail and that Sutton was a flight risk. The Commission issued the violator warrant on the same date and instructed the United States Marshals Service to place the warrant as a detainer.
 
 
 12
 Also on April 16, 1987, petitioner's aunt and minister went to post the bond which was set to allow release of petitioner from custody while the state charges were pending. They were informed that a federal parole violator warrant had been lodged against petitioner as a detainer. As a result petitioner was not released from custody.
 
 
 13
 On May 7, 1987, petitioner was charged with certain federal crimes. He was found guilty by a jury on one count of conspiracy to distribute cocaine and one count of attemping to distribute cocaine on August 5, 1987. In a letter dated October 2, 1987, Probation Officer Anthony informed the Commission that Sutton had been sentenced on September 25, 1987, in the United States District Court for the Southern District of Ohio to a forty year term of imprisonment for conspiracy to distribute and possess with intent to distribute cocaine, and attempted distribution of cocaine.
 
 
 14
 On October 8, 1987, the Commission issued a supplemental warrant application outlining the information on Sutton' new sentence.
 
 
 15
 By a letter dated November 4, 1987, United States Parole Commission Case Analyst Patricia Ray requested the United States Marshal in Cincinnati, Ohio, to provide the Commission with Sutton's present place of incarceration, so that the Commission could place the warrant as a detainer. The Marshals Service returned the letter with a typewritten note that Sutton was incarcerated at the United States Penitentiary, Terre Haute, Indiana, and that the violator warrant was forwarded to that institution. By a letter dated November 19, 1987, Case Analyst Ray requested that the Terre Haute institution place the Commission's violator warrant as a detainer and, if Sutton either waived an initial hearing on his new sentence or was not eligible for parole consideration at that time, to notify the Commission so that it could forward to the institution application forms for a dispositional record review under 28 C.F.R. § 2.47.
 
 
 16
 Sutton is not eligible for parole on his new sentence until he has served a minimum of ten years, i.e., on May 13, 1997. Under the Commission's rule at 29 C.F.R. § 2.12(a), Sutton is not entitled to an initial hearing on his new sentence until shortly before the expiration of his minimum term. Sutton was presented with a parole application form by institutional staff on November 4, 1987, and Sutton waived parole consideration on his new sentence. On March 17, 1988, the Commission's regional office received a detainer action letter from the institution stating that the parole violator warrant had been placed as a detainer with the prison on December 29, 1987. On March 12, 1991, Sutton was afforded a dispositional record review.
 
 Issue Presented
 
 17
 Is the petitioner, Carl Sutton, Jr., entitled to a parole revocation hearing at this time?
 
 Discussion
 
 18
 It is well settled that the appropriate remedy for the Parole Commission's failure to comply with statutory time limits is a writ of mandamus to compel compliance and not release from confinement via habeas corpus. Heath v. United States Parole Commission, 788 F.2d 85 (2nd Cir.1986). Mandamus is viewed as an extraordinary procedure that is available only where the following three elements are present: (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the defendant to do the act in question; and (3) no other adequate remedy available. Burnett v. Bowen, 830 F.2d 731 (7th Cir.1987).
 
 
 19
 The petitioner asserts that the Parole Commission failed to provide a timely parole revocation hearing and now asks this Court to compel the Commission to hold that hearing. Because petitioner's argument fails at the first rung of the mandamus test (i.e., he has no clear right to the revocation hearing), the Court denies the petition for Writ of Mandamus.
 
 
 20
 In Morrissey v. Brewer, the United States Supreme Court acknowledged that parole revocations require at least some amount of due process. The Supreme Court suggested that, at the minimum, some informal procedural guarantees are due. At the time when the parolee is arrested and detained, the Supreme Court noted that a preliminary hearing should be held at or reasonably near the place of the alleged parole violation or arrest. The purpose of this hearing would be to determine whether probable cause exists to believe that the arrested parolee has committed a violation of his parole conditions. In addition, the Supreme Court stated that a revocation hearing should be held within a reasonable time after the parolee is taken into custody. At this hearing, a final evaluation of the contested relevant facts must take place along with the determination of whether the facts warrant revocation of parole. Morrissey v. Brewer, 408 U.S. 471 (1972).
 
 
 21
 The due process established by the Supreme Court in Morrissey was codified in 18 U.S.C. § 4213 and 18 U.S.C. § 4214.[1] Section 4214 provides that an alleged parole violator who is summoned or retaken by warrant shall have a preliminary hearing to determine whether there is probable cause to believe that he has violated a condition of parol. Upon a finding of probable cause, a revocation hearing shall be held within sixty days of the probable cause determination. 18 U.S.C. §§ 4214(a)(1)(A) and (B). A federal, state or local criminal conviction occurring subsequent to release on parole constitutes probable cause. 18 U.S.C. § 4214(b)(1).
 
 
 22
 In Moody v. Daggett, the United States Supreme Court dealt with the issue of whether a parolee imprisoned for a crime committed while on parole is constitutionally entitled to a prompt parole revocation hearing when a parole violator warrant is issued and lodged with the institution of his confinement but not served on him. Under these circumstances, the Supreme Court held there was no requirement of an immediate revocation hearing. The Court based this decision on a belief that while a parole violator warrant is lodged as a detainer and has not been executed, the warrant has no present or inevitable effect upon the parolee's liberty interest. The Court also noted that there is a practical benefit in holding the parole revocation hearing upon expiration of the subsequent sentence, as is the case when a detainer is lodged. The benefit is that the Commission has the advantage of having the parolee's institutional record which can be the most significant factor in predicting the parolee's ability to live in society without committing antisocial acts. Moody v. Daggett, 429 U.S. 78 (1976).
 
 
 23
 Having discussed the framework surrounding parole revocation hearings, we turn to the particular facts of the case at hand. This case is somewhat unique in that a parole violation warrant was lodged prior to petitioner's conviction for the crime he committed while on parole. It is also unique because the facts seem to indicate that but for the detainer, petitioner would have been released on bail for the subsequent crime. However, there is no evidence to indicate that the petitioner was taken into custody by the federal authorities which would normally indicate execution of the warrant.
 
 
 24
 The Court begins by looking at the point where the petitioner had gathered appropriate funds and security to pay his bond but was told by the Hamilton County, Ohio clerk's office that a federal detainer had been lodged. It is clear that had the parole violation warrant been executed prior to the conviction, the Parole Commission should have held a probable cause hearing within a reasonable amount of time, followed by a parole revocation hearing within sixty days.
 
 
 25
 However, it is unclear whether the warrant was ever actually executed. If the warrant was not executed, it is obvious from Morrissey and Moody that the due process protections are not available to petitioner. The events which trigger the due process protections are the execution of a warrant and custody under the warrant. Morrissey, 408 U.S. at 488; Moody, 429 U.S. at 87. However, the petitioner's claims fail even if we assume that the warrant was executed. It should be noted at the outset that petitioner was ultimately convicted on the subsequent federal charge.
 
 
 26
 If we assume for the sake of argument that the warrant was executed on April 16, 1987, when petitioner tried to pay the bond, petitioner would have been due a probable cause hearing without unnecessary delay. Following the probable cause hearing, a parole revocation hearing should have been held within sixty days, which at the very earliest would have been June 16, 1987. Had petitioner come to this Court during the period after June 16, 1987 and prior to his conviction on August 5, 1987, he may very well have been entitled to a probable cause and parole revocation hearing. However, we need not determine this issue, because Sutton's conviction on August 5, 1987, made the point moot. The conviction served as the missing probable cause determination under 18 U.S.C. § 4214(b)(1).
 
 
 27
 Because probable cause was found to exist as a result of a federal conviction for which petitioner is serving time, the parole revocation hearing need not be held until the initial hearing on the new federal sentence or upon release from the new sentence, whichever comes first. 28 U.S.C. § 2.47(b)(1). The federal regulations indicate that the Commission can at its discretion choose to let the warrant stand as it has done in the case at hand. 28 U.S.C. § 2.47.
 
 Conclusion
 
 28
 Petitioner is not entitled to a parole revocation hearing at the present time. His conviction on the subsequent federal criminal charges satisfied the necessary probable cause determination and he is not eligible for a parole revocation hearing until the initial hearing on the new federal sentence or upon release from the new sentence, whichever comes first.
 
 
 29
 For the foregoing reasons, the instant petition for Writ of Mandamus and Supplemental Motion must be DENIED, and this cause of action DISMISSED.
 
 
 30
 DATED: September 11, 1991.
 
 
 31
 /s/Larry J. McKinney, District Judge
 
 
 32
 /s/United States District Court
 
 
 33
 /s/Southern District of Indiana
 
 
 34
 cc: Carl Sutton, Jr.
 
 Reg. No. 01332-061
 United States Penitentiary
 P.O. Box 33
 Terre Haute, IN 47808
 Sue Hendricks Bailey, AUSA
 Office of the United States Attorney
 5th Floor, U.S. Courthouse
 46 E. Ohio Street
 Indianapolis, IN 46204
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 It is clear that these statutes are the governing provisions. The repeal of § 4213 and § 4214 was not applicable to offenses committed prior to November 1, 1987, such as the case at hand. Therefore the petitioner's Supplemental Motion is denied