134 F.3d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Frank SACCO, Petitioner-Appellant,
v.
William HEDRICK, Respondent-Appellee.
 No. 96-3753.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 17, 1997.*
Decided Jan. 6, 1998.
 ORDER
 
 1
 Frank Sacco was convicted of various federal offenses in the 1970s for which he received aggregate sentences totaling fifty-six years' imprisonment. In December of 1981, Sacco was paroled from these sentences with more than twenty-six years remaining on the sentences. The United States Parole Commission ("Commission") revoked Sacco's parole in 1994. The process by which the Commission revoked the parole is the basis of Sacco's underlying petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Tie district court granted the respondent's motion for summary judgment and dismissed Sacco's § 2241 claims, and Sacco now appeals. We review the district court's legal conclusions de novo. Barnard v. Henman, 89 F.3d 373, 376 (7th Cir.1996).
 
 
 2
 On June 28, 1988, Sacco was arrested on federal racketeering charges and placed in custody. Two days later, the Commission issued a parole violator warrant for him, charging him with associating with a person having a criminal record and with racketeering. The violator warrant instructed the U.S. Marshals Service to place the warrant as a detainer in the event he was already in custody on the new charges, which he was. Sacco pleaded guilty to the charge of participating in racketeering enterprises and in June of 1989, he was sentenced to eighty months' imprisonment. In 1990, Sacco also was convicted in New York state court for second-degree murder and sentenced to life imprisonment, with a minimum term of twenty-five years, to be served consecutively after the racketeering sentence. The Commission supplemented the violator warrant to include Sacco's federal guilty plea, the state conviction, and the respective sentences.
 
 
 3
 In April of 1994, Sacco completed his 1989 eighty-month federal sentence, and in August of 1994, the Commission executed the violator warrant nunc pro tunc, effective April 22, 1994. Sacco's parole revocation hearing was conducted on May 12, 1994. Sacco was unable to secure counsel to attend the hearing, and he waived his right to appear personally. After the hearing, Sacco's parole was revoked, he received no credit for the time he spent on parole, and the cause was continued for a fifteen-year reconsideration in May of 2009.
 
 
 4
 After appealing the revocation decision to the full Commission, which affirmed the decision, Sacco filed the present writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting claims against the warden of USP-Marion regarding the lodging of the federal violator warrant as a detainer, the process by which his parole was revoked, and the detainer issued by the state of New York relating to his state conviction. The district court, however, determined that the claim regarding the state detainer and future state custody was a claim pursuant to 28 U.S.C. § 2254 and dismissed the claim without prejudice. The district court then granted the respondent's motion for summary judgment and dismissed remainder of Sacco's claims, which were brought properly under § 2241, with prejudice. The district court also denied Sacco's motion for a certificate of appealability.
 
 
 5
 We determined that no certificate of appealability was necessary for Sacco to proceed on appeal with respect to his § 2241 claims. However, we denied Sacco's request for a certificate of appealability regarding his § 2254 claim because he failed to make a substantial showing of the denial of a constitutional right. Therefore, this court is without jurisdiction to consider the arguments that both parties raise regarding the dismissal of Sacco's § 2254 claim, and we consider only the issues raised regarding the dismissal of his § 2241 claims.
 
 
 6
 On appeal, Sacco claims that the Commission lacked authority to issue the violator warrant and lodge it as a detainer before he was convicted of new criminal charges. Sacco also makes many arguments regarding the Commission's violation of his due process rights and its own rules and regulations, including: (1) that he was not released on bail pending disposition of the new criminal charges because the violator warrant was placed as a detainer, (2) that the Commission violated its own regulations by placing the violator warrant as a detainer prior to his conviction on the new charges; (3) that the Commission failed to conduct a preliminary hearing within the requisite time after being notified of the placement of the detainer, (4) that the Commission failed to conduct a prompt parole revocation hearing; (5) that he was not afforded the opportunity to be represented by counsel at his parole revocation hearing; and (6) that the Commission was not entitled to delay disposition of the violator warrant with respect to the first count of the warrant (associating with a person with a criminal record) pending his conviction on the new criminal charge.
 
 
 7
 The Commission has the power to choose whether to execute a violator warrant or to file it as a detainer. Barnard, 89 F.3d at 377 (citation omitted). As this court has found, "there is no dispute that the Commission can issue a warrant and place it as a detainer against the prisoner, waiting to execute it until the prisoner has completed service of his sentence for the crime that he committed on parole." Id. at 377 n. 8; see also Doyle v. Elsea, 658 F.2d 512, 513 (7th Cir.1981). The Commission therefore acted within its authority to place the warrant as a detainer until Sacco had been convicted of the new criminal charges and completed his 1989 federal sentence. The Commission then properly proceeded to execute the warrant.
 
 
 8
 Sacco did not suffer any loss of liberty until the violator warrant was executed and he was taken into custody under the warrant. Moody v. Daggett, 429 U.S. 78, 87 (1976); Barnard, 89 F.3d at 377. As the Supreme Court has held, a parolee "has been deprived of no constitutionally protected rights simply by issuance of a parole violator warrant. The Commission therefore has no constitutional duty to provide petitioner an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant." Moody, 429 U.S. at 89. The plain language of the violator warrant issued against Sacco establishes that the Commission only issued, not executed, the warrant on June 30, 1988 Barnard, 89 F.3d at 377. The Commission directed the U.S. Marshals Service not to execute the violator warrant, but simply place it as a detainer. The Commission did not execute the violator warrant until April 22, 1994, nunc pro tunc, the date his 1989 federal sentence was completed.
 
 
 9
 After executing the warrant, the Commission had ninety days to conduct a revocation hearing. Barnard, 89 F.3d at 377; Hopper v. United States Parole Commission, 702 F.2d 842, 848 (9th Cir.1983). Sacco's parole revocation hearing was held on May 12, 1994, well within the requisite ninety-day period. Because the violator warrant was not executed until April of 1994, any loss of liberty that Sacco may have suffered did not occur from the outstanding violator warrant, and, therefore, the Commission did not infringe any of Sacco's due process or statutory rights by not providing him with a preliminary hearing or a parole revocation hearing until May of 1994.
 
 
 10
 This court has recognized that a parolee who is merely accused of a new crime has a greater liberty interest than a parolee who already is convicted of a new crime. Doyle, 658 F.2d at 516. This liberty interest, nonetheless, does not require the due process protections outlined in Morrissey v. Brewer, 408 U.S. 471 (1972), prior to the execution of the violator warrant. Doyle, 658 F.2d at 51 6. Even accepting Sacco's contention that he was denied the opportunity to meet bail because of the placement of the detainer, the Eighth Amendment does not create an absolute constitutional right to release on bail Faheem-El v. Klincar, 841 F.2d 712, 719 (7th Cir.1988), Doyle, 658 F.2d at 516 n. 6.
 
 
 11
 Sacco also cites several regulations that he claims the Commission violated, but none of these regulations apply. The record is not clear as to whether the Commission conducted a review of the detainer within 180 days of its placement during Sacco's service of the 1989 federal sentence as required by 18 U.S.C. § 4214(b)(1). Even if the Commissioner failed to strictly adhere to its own rules and regulations, Sacco has not demonstrated that any delay was unreasonable or that it prejudiced his rights. Heath v. United States Parole Comm'n, 788 F.2d 85, 89 (2d Cir.1986) (collecting cases). Because his "allegations of prejudicial delay are conclusory and without suggestion of bad faith, he has already received all the relief to which he was entitled when the Commission conducted a dispositional review of the detainer and the dispositional revocation hearing." Id. at 90.
 
 
 12
 For the foregoing reasons, we affirm the judgment of the district court.
 
 
 
 *
 After an examination of the briefs and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)