Thomas **MACK**

v.

W. R. **NELSON,** Warden, Federal Correctional Institution, Danbury, et al.

Civ. No. B–78–93.

United States District Court, D. Connecticut.

April 17, 1978.

Thomas Mack, pro se.

Frank H. Santoro, Asst. U. S. Atty., New Haven, Conn., for respondents.

---

**12.** PX 4.

**13.** PX 5.

## MEMORANDUM OF DECISION

NEWMAN, District Judge.

Petitioner, currently incarcerated at the Federal Correctional Institution, Danbury, claims that as a parolee convicted and imprisoned for a crime committed while on parole, he is entitled to a prompt parole revocation hearing because the sentencing court directed that the new sentence was to run concurrently with any term of imprisonment that petitioner might serve as a result of a subsequent parole revocation.

Petitioner pled guilty to a charge of possession of cocaine in violation of 21 U.S.C. § 841(a)(1), and on April 1, 1976, was sentenced by Judge Weinstein in the Eastern District of New York to a seven-year prison term and a seven-year special parole term. At the time of the commission of this offense, petitioner was on parole for a December 10, 1971, conviction for conspiracy to distribute marijuana. At petitioner's sentencing for possession of cocaine, Judge Weinstein stated on the record that his sentence was to run concurrently with any term that might be imposed as a result of any eventual decision of the Parole Commission to revoke petitioner's parole. However, on October 20, 1977, the Parole Commission informed petitioner that following a dispositional review of his case pursuant to 28 C.F.R. § 2.47(b)(3), it was decided that the detainer based on the outstanding parole violator warrant should remain on file, and that a determination concerning the appropriateness of incarceration beyond the sentence imposed by Judge Weinstein would be made at the expiration of the new sentence. The Commission also noted that petitioner's case is scheduled for review in May, 1978.

Petitioner then sought relief from the sentencing judge pursuant to 28 U.S.C. § 2255, but Judge Weinstein dismissed the petition, stating that while the Board's failure to provide petitioner with a prompt revocation hearing did indeed frustrate his intent to have the intervening sentence run concurrently with any sentence petitioner might serve as a result of the parole revocation, the intervening sentence itself was valid, and hence § 2255 relief was not appropriate.[1] Judge Weinstein further noted that "[t]he illegal conduct, if any, of the Parole Board is not taking place in this district. Therefore, the venue would be improperly placed in this district were there a request for relief under section 2241 of title 28." In his Memorandum and Order, Judge Weinstein also requested the United States Attorney "to bring to the attention of the Parole Board this court's view that it is desirable either (1) to grant an immediate hearing to the alleged parole violator by executing the warrant or (2) to vacate the warrant on the ground that this court's sentence was designed to take account of the parole violation." In response, Commissioner Nardoza, by letter of November 1, 1977, to the Office of the United States Attorney for the Eastern District of New York, stated that the Parole Commission had determined that it would be inappropriate to execute the warrant at that time, and a review of petitioner's case was set for May, 1978, at which time "consideration will be given to executing the warrant and providing Mr. Mack with a revocation hearing at the time of his initial parole consideration hearing on the seven year sentence." Petitioner's initial parole consideration hearing is scheduled for October, 1978.

It is clear that a parolee imprisoned for a crime committed while on parole generally does not have a constitutional right to an immediate parole revocation hearing. *Moody v. Daggett,* 429 U.S. 78, 86–87, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). Here, as in *Moody,* petitioner's fundamental complaint is that he desires to serve his sentence for the two offenses concurrently;[2] however, in the instant case, unlike

---

1. *Mack v. United States of America,* Civil No. 77–C–1520 (E.D.N.Y. Oct. 5, 1977).

2. Judge Weinstein did note that "[i]t may well be that the Parole Board is technically within its rights under *Moody v. Daggett,* 429 U.S. 78

[97 S.Ct. 274, 50 L.Ed.2d 236] (1976), in withholding an advisory parole hearing until Mr. Mack is 'taken into custody as a parole violator by execution of the warrant.'"

*Moody,* the judge who imposed the intervening sentence stated on the record that the intervening sentence was to be served concurrently with any term imposed as a result of the possible parole revocation.[3] Hence the issue here, apparently one of first impression in this Circuit, is whether the expressed intent of the judge who imposed the intervening sentence that such sentence run concurrently with any term to be served as a result of a future parole revocation requires the Parole Commission to afford petitioner an immediate revocation hearing. I am persuaded that it does not.

A District Judge cannot require his sentence to fit with a sentence yet to be imposed. His intention is a recommendation only. The Parole Board cannot be required to follow it, nor even to advance the date of its hearing to create an opportunity to follow it. See *Sanchez v. Riggsby,* 556 F.2d 1310 (5th Cir. 1977); *Moore v. Smith,* 412 F.2d 720 (7th Cir. 1969); *Sadler v. United States,* 313 F.2d 106 (10th Cir. 1963); *Tippitt v. Wood,* 78 U.S.App.D.C. 332, 140 F.2d 689 (1944). The Parole Commission always has the option, at the end of the intervening sentence, not to impose additional time.

While some judges, disappointed in their expectations of the effect of a sentence, have purported to find a basis to "correct" the sentence under § 2255, see *United States v. Salerno,* 538 F.2d 1005 (3d Cir. 1976), in this case, Judge Weinstein was asked to make a change and determined that he lacks authority to do so. As long as that ruling remains unchallenged, petitioner is without a judicial remedy, since this Court has no authority to grant the relief he seeks.

Accordingly, the petition is dismissed.

---

**3.** Petitioner also claims that the existence of the outstanding warrant and detainer has adversely affected his prison classification and his eligibility for certain institutional programs. However, *Moody* held that this adverse effect, even if real, does not violate a prisoner's due process rights:

> We have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right. In *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), for example, no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a "grievous loss" upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement . . ., and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process.

*Moody v. Daggett, supra,* 429 U.S. at 88 n.9, 97 S.Ct. at 279.