**William Gabriel LEPERA, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 76–3674.

United States Court of Appeals, Ninth Circuit.

Dec. 6, 1978.

---

**13.** A different question, of course, is presented as to whether the action of GSA was an abuse of discretion and not in accordance with law, a question we need not now determine.

Gene A. Farber, San Francisco, Cal., for petitioner-appellant.

Malcolm Stuart Segal, Asst. U. S. Atty., San Francisco, Cal., for respondent-appellee.

Before WRIGHT and KILKENNY, Circuit Judges, and PFAELZER,* District Judge.

PER CURIAM:

William Lepera appeals from the district court's denial of his petition for relief under 28 U.S.C. § 2255. We affirm.

Lepera, a federal parolee, pleaded guilty to the charge of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. The guilty plea was given in consideration of a representation by the prosecution and the district court that Lepera would receive a maximum sentence of three years imprisonment to run concurrently with any sentence that might be imposed for violation of his parole on a previous conviction.

Lepera was sentenced to three years imprisonment to be followed by a special parole term of three years. He was remanded to the custody of federal prison officials on April 25, 1975.

In June 1975, the United States Parole Board issued an application for a parole violation warrant against Lepera, and the application was lodged as a detainer at Lepera's place of incarceration. The Board told Lepera that the warrant would not be executed until he was released from prison on the conspiracy charge.

In February 1976, Lepera petitioned the district court, under 28 U.S.C. § 2255, to set aside the guilty plea because the court violated Rule 11 of the Federal Rules of Criminal Procedure when it accepted the plea without informing Lepera that the court had no authority to order the parole violation sentence to be served concurrently with the conspiracy sentence.

■ ■ The district court conceded that it had erred.[1] However, after the § 2255 complaint was filed but before it was dismissed by the district court, the Parole Board agreed to execute the parole violation warrant, effective March 26, 1976, to allow the sentences to run concurrently. Because its error had been corrected, the district court dismissed the complaint.

■ Relief is not automatically granted where a sentence is collaterally attacked because of nonconstitutional error of federal law. A failure to comply with the formal requirements of a rule of criminal procedure will be remedied on a § 2255 complaint only if the error amounts to a "fundamental defect" that "inherently results in a complete miscarriage of justice" and that presents "exceptional circumstances" justifying extraordinary relief. *Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974); *Hitchcock v. United States,* 580 F.2d 964, 966 (9th Cir. 1978).

Assuming that the district court accepted the guilty plea in violation of Rule 11, Lepera has not shown that the circumstances justify relief under § 2255. The Parole Board eventually cooperated with the court by arranging the concurrent sentences for

---

* Of the Central District of California.

1. The district court could not require the parole violation sentence to run concurrently with the conspiracy sentence because the Parole Board has the sole authority to decide when a parole violation warrant will be executed. *See Schiffman v. Wilkinson,* 216 F.2d 589, 590 n.1 (9th Cir. 1954), *cert. denied,* 348 U.S. 916, 75 S.Ct. 299, 99 L.Ed. 719 (1955).

During oral argument before this court, counsel for Lepera alleged for the first time that Lepera was not informed of the applicable special parole term. Such omission by the district judge would clearly violate Rule 11. *United States v. Harris,* 534 F.2d 141 (9th Cir. 1971); *see Yothers v. United States,* 572 F.2d 1326 (9th Cir. 1978). However, because this contention does not appear to have been raised and passed upon in the district court, it cannot be raised on this appeal. *Hansen v. Morgan,* 582 F.2d 1214 at 1217 (9th Cir. 1978).

which Lepera had bargained, and Lepera suffered no prejudice with respect to total time served.

Lepera alleged in his supplemental brief to the district court that he suffered injury during the 11 months while the parole violation warrant was lodged as a detainer. However, the only allegations of injury not contradicted by Lepera's own exhibits concern the denial of his request for transfer to community custody and the requirement that he be escorted on emergency furlough.[2] Lepera concedes that the detainer had been withdrawn when the district court issued its order denying § 2255 relief.

The alleged injuries do not transform the district court's error into a "fundamental defect" inherently resulting in "a complete miscarriage of justice." Lepera did not present the court with exceptional circumstances justifying § 2255 relief. *See Davis*, 417 U.S. at 346, 94 S.Ct. at 2305. This conclusion is strengthened by the fact that Lepera does not seek an opportunity to replead;[3] rather, he requests this court to "terminate this case," a remedy for which we find no helpful precedent.[4]

---

2. Lepera also alleged that the detainer adversely influenced the Parole Board when the Board denied him parole after service of ⅓ of the new sentence. However, the Board's notice of action states that the decision was based exclusively on other factors.

3. A Rule 11 violation will be remedied on direct appeal by setting aside the guilty plea to allow the defendant to plead anew. *McCarthy v. United States*, 394 U.S. 459, 471–72, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

4. Read narrowly, Lepera's statement of the issue raises only the question of violation of the formal requirements of Rule 11. However, both parties discuss the line of cases dealing with involuntary guilty pleas, which are accepted in violation of due process.

A guilty plea is not voluntary if induced by misrepresentation, including an unfulfilled promise. *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). However, the Court has left to the discretion of the trial court whether an involuntary guilty plea should be remedied by setting aside the plea or by specifically performing the promise that induced the plea. *Santobello v. New York*, 404 U.S. 257, 263, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). In this case, the district court was satisfied that its misrepresentation has been remedied through belated performance of its promise.