887 F.2d 1082
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert PAPICH, a/k/a Anthony Miller, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert PAPICH, a/k/a Anthony Miller, Defendant-Appellant.
 Nos. 89-5535(L), 89-5536.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 21, 1989.
Decided: Sept. 25, 1989.
 
 Fred Warren Bennett, Federal Public Defender, Michael Citaramanis, Assistant Federal Public Defender, on brief, for appellant.
 Breckinridge L. Willcox, United States Attorney, Charles P. Scheeler, Assistant United States Attorney, on brief, for appellee.
 Before DONALD RUSSELL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In this case we must determine whether it is permissible for a sentencing judge to order that a federal sentence be served consecutively to any time that the defendant may be required to serve as a result of the revocation of his parole. We find that although the district court's order is not binding on the Parole Commission, such a conditional sentence is permissible as a recommendation and does not render the sentence illegal. We, therefore, affirm the judgment of the district court.
 
 I.
 
 2
 Robert Papich was sentenced in the United States District Court for the District of Maryland to sixty months in prison after pleading guilty to one count of bank robbery in violation of 18 U.S.C. Secs. 2113(a) & (f) and one count of bank robbery in violation of 18 U.S.C. Sec. 2113(a), in two separate incidents. The district judge further ordered that, "This sentence will be consecutive to any portion of the prior sentence of this Court that the defendant is required to serve as a result of the revocation of his parole."
 
 
 3
 At sentencing, defense counsel contended that the court could not order a sentence that is consecutive to another sentence that is not yet pending. The district judge noted that it would be up to the Parole Commission to decide if defendant received any further time as a result of his parole violation. Appellant argues that this "conditional sentence" illegally preempted the authority of the United States Parole Commission and caused prejudice to defendant because of his resultant designation within the Bureau of Prisons system.
 
 II.
 
 4
 It is well established that the Parole Commission has the authority to determine whether an individual will serve the remainder of his paroled sentence concurrently or consecutively with a sentence for a subsequent crime. Zerbst v. Kidwell, 304 U.S. 359, 362-63 (1938). It follows that the sentencing judge cannot supervise or control the Parole Commission when making sentencing determinations. Edwards v. United States, 574 F.2d 937, 942 (8th Cir.1978), quoting United States v. White, 540 F.2d 409, 411 (8th Cir.1976). Thus, in the instant case, the district court's statement that appellant's new sentence be served consecutively with whatever the Parole Commission decides with respect to his prior sentence is not binding on the Commission.
 
 
 5
 However, that conclusion does not render the district court's statement impermissible. A trial judge may make a recommendation that a federal sentence be served concurrently or consecutively with a paroled sentence. King v. United States Parole Comm'n, 744 F.2d 1449, 1450-51 (11th Cir.1984); Mack v. Nelson, 455 F.Supp. 690, 692 (D.Conn.1978). Such conditional sentences have been upheld regardless of whether the judge intended that the reference to a sentence for parole violations be binding on the Parole Commission. United States v. Mooney, 654 F.2d 482, 489 (7th Cir.1981). See also, Schiffman v. Wilkinson, 216 F.2d 589, 590 n. 1. (9th Cir.1954), citing Zerbst v. Kidwell, 304 U.S. 359 (1938) (Parole Commission within its sole discretion not to recognize district court's attempt to control sentences for parole violations). Because any attempt by the court to control the Parole Commission's discretion would be futile, any such directive by the trial court is without legal significance. Mooney, 654 F.2d at 489.
 
 III.
 
 6
 We also reject appellant's contention that the sentence should be set aside because it affects his designation within the Bureau of Prisons system and jeopardizes his eligibility for programs and privileges. It is well settled that the Parole Commission may defer the parole revocation process until expiration of the parolee's second sentence. Moody v. Daggett, 429 U.S. 78, 84 (1976). The Supreme Court has rejected the argument that a parole violator serving time for a subsequent crime has a right to an early parole revocation decision because of its effect on "his prison classification and qualification for institutional programs." Id. at 88 n. 9. Since, in any event, the Parole Commission may defer the decision as to whether any additional time to be served for parole violations shall be served consecutively or concurrently with a subsequent sentence, we fail to see how the sentence imposed in the extant case changes appellant's position.
 
 
 7
 We have dispensed with oral argument because it would not aid the decisional process. The judgment of the district court is
 
 
 8
 AFFIRMED.