968 F.2d 1221
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wayne Stanley PAGE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-16402.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 12, 1992.*
Decided July 20, 1992.
 
 Before ALARCON, CYNTHIA HOLCOMB HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wayne Stanley Page appeals pro se from the summary denial of his motion under 28 U.S.C. § 2255 to set aside his sentence following his plea of guilty to one count of attempted importation of 100 or more grams of heroin from Thailand into the United States on July 10, 1989, in violation of 21 U.S.C. §§ 963, 952(a) and 960(b)(2)(A) and 18 U.S.C. § 2.
 
 
 3
 Page seeks to set aside his sentence on the following grounds: (1) Page's post-arrest written statement was coerced and obtained in violation of his Miranda rights; (2) Page should not be sentenced on the amount of heroin purchased by his co-conspirator where Page had no control over the transaction; (3) Page's minimal role in the narcotics transaction warranted a downward departure from the statutory mandatory minimum sentence; (4) Page was sentenced on the wrong amount of heroin; (5) the district court erred when it imposed a harsher sentence on Page than on his more culpable co-conspirators; (6) Page received ineffective representation of counsel at trial; (7) the Assistant United States Attorney's alleged misconduct at arraignment and during the section 2255 proceedings violated Page's right to due process.
 
 I.
 
 4
 Page contends that his post-arrest written statement and the waiver of his Miranda rights were obtained by coercion. A defendant who has knowingly and voluntarily entered an unconditional guilty plea cannot "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of his guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). See United States v. Montilla, 870 F.2d 549, 552 (9th Cir.1989), amended, 907 F.2d 115 (9th Cir.1990) (voluntary and intelligent guilty plea generally "erases claims of constitutional violation arising before the plea"). Page does not contend that his plea was involuntary or uninformed. By entering an unconditional guilty plea, Page waived his right to assert that the confession and the waiver of his Miranda rights were coerced.
 
 II.
 
 5
 Page asserts that he could not be held accountable for the 114.2 grams of heroin because he had no control over Andrew Gorman Botts' acquisition of the narcotics.
 
 
 6
 This contention is meritless. Page cites no relevant authority for his position. Page pled guilty to knowingly and intentionally attempting to import 100 or more grams of heroin from Thailand into the United States, in violation of 21 U.S.C. §§ 952(a), 960(b)(2)(A), and 18 U.S.C. § 2. By entering a guilty plea, Page admitted all the elements of the criminal charge and all the factual allegations supporting that count in the indictment. United States v. Mathews, 833 F.2d 161, 163 (9th Cir.1987). Thus, Page was properly convicted of aiding and abetting an attempt to import heroin into the United States.
 
 
 7
 The court did not err in holding Page accountable, for purposes of imposing sentence, for the 114.2 grams of heroin purchased by Botts. Section 1B1.3(a)(1) of the Sentencing Guidelines provides, in relevant part, that a defendant's sentence is to be determined on the basis of "all acts and omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable...." This includes conduct that "the defendant counseled, commanded, induced, procured, or willfully caused. (Cf. 18 U.S.C. § 2)." U.S.S.G. § 1B1.3, Application note 1. In his plea agreement, Page admitted that his criminal liability for the attempted importation of the heroin purchased by Botts was based upon his role as an "aider or abettor" in accordance with 18 U.S.C. § 2 and upon his liability as a co-conspirator pursuant to Pinkerton v. United States, 328 U.S. 640 (1946).
 
 III.
 
 8
 Page also argues that he should have been charged and sentenced for conspiracy, and not for an attempt to import heroin into the United States. This argument is without merit. "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file ... generally rests entirely in his discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) (footnote omitted). See United States v. Redondo-Lemos, 955 F.2d 1296, 1299-1301 (9th Cir.1992) (noting that absent allegation of discrimination based on race, religion, or similar characteristic, prosecutorial charging is not subject to judicial review). As noted above, by pleading guilty to aiding and abetting an attempt to import heroin into the United States, Page admitted that he was guilty of each element of that crime.
 
 IV.
 
 9
 Page asserts that the district court erred in sentencing him on the basis of the entire amount of heroin that Botts purchased in Thailand because the court had determined that Page was a minimal participant. This argument is frivolous. Page was correctly sentenced on the basis of the heroin purchased by Botts. Page's base offense level was reduced by four levels in light of his minimal participation. The district court adopted the presentence report's finding that Page was a minimal participant, but observed that the statutory mandatory minimum sentence was longer than the sentence recommended in the report and accordingly sentenced Page to the statutorily mandated minimum term of imprisonment. The district court did not err in sentencing him to the minimum statutory sentence. See United States v. Sharp, 883 F.2d 829, 831 (9th Cir.1989) (per curiam) (holding that district court may not impose a prison term under sentencing guidelines which is less than the statutory minimum).
 
 V.
 
 10
 Page argues that the district court's refusal to depart downward from the statutory minimum violated his due process rights because he was found to be a minimal participant. This contention lacks merit. Section 5K1.1 of the Sentencing Guidelines provides that the court may depart downward upon motion of the Government. 18 U.S.C. § 3553(e) permits the court to impose a sentence below the statutory mandatory minimum upon motion by the Government. Thus, a district court's refusal to depart downward from the statutory minimum sentence is not error in the absence of a motion by the Government for such leniency. In Wade v. United States, 112 S.Ct. 1840 (1992), the Supreme Court explained that "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." Id. at 1844. See United States v. Ayarza, 874 F.2d 647, 653 (9th Cir.1989), cert. denied, 493 U.S. 1047 (1990) (district court did not err in rejecting defendant's motions for a downward adjustment based on substantial assistance under section 5K1.1 and 18 U.S.C. § 3553(e) where each provision explicitly conditions downward departure upon motion of government).
 
 VI.
 
 11
 Page maintains that the court violated his right to due process by charging and sentencing him for attempting to import 114.207 grams of heroin in view of the fact that Botts was convicted and sentenced under Thai law for possession of only 99.474 grams, although each case involved precisely the same narcotics.
 
 
 12
 This contention is meritless. The Thai government charged Botts with the amount of pure heroin contained in the seizure of 114.207 grams from Botts. The Thai government retained 113 grams of the heroin and surrendered the remaining 1.207 grams to the Drug Enforcement Agency for testing in the United States. The heroin was 88.03% pure. By multiplying the net weight of 113 grams by the purity of 88.03%, Thai officials arrived at a total net weight of 99.474 grams of pure heroin.
 
 
 13
 Under the law of the United States, a defendant can be prosecuted and sentenced on the basis of the weight of the narcotic, regardless of its purity. See 21 U.S.C. §§ 841(b)(1)(B)(i) and 960(b)(2)(A) (prescribing sentences for crimes involving 100 grams or more of a mixture or substance containing a detectable amount of heroin). Page was properly held accountable for 114.207 grams of heroin.
 
 VII.
 
 14
 Page asserts that his sentence was unconstitutional because it was longer than that imposed upon his codefendants. We have previously held that a defendant cannot challenge his or her sentence solely based on the disparity between his or her sentence and the sentences imposed upon codefendants. United States v. Hoy, 932 F.2d 1343, 1345 (9th Cir.1991); United States v. Carpenter, 914 F.2d 1131, 1135-36 (9th Cir.1990). An appellant who challenges his or her sentence must show that it was imposed as a result of incorrect or inadmissible information, or an improper application of the Sentencing Guidelines. Carpenter, 914 F.2d at 1136. Page has failed to show that his sentence was based on erroneous facts.
 
 VIII.
 
 15
 Page argues further that the Guidelines violate due process insofar as they allow more culpable defendants to receive sentence reductions for substantial cooperation. In this matter, the district court granted the Government's motion that David Brent Hudman receive a prison term that was less than the statutory minimum.
 
 
 16
 Page's constitutional challenge is meritless. We have expressly rejected due process challenges to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). Ayarza, 874 F.2d at 652-53 (section 3553 and section 5K1.1 are not unconstitutional).
 
 IX.
 
 17
 Page states that he should not have been prosecuted under United States law for crimes committed by Botts in Thailand. This contention is without merit. Page was not charged with a crime committed in Thailand. Rather, Page pled guilty to knowingly and intentionally aiding and abetting an attempt to import 100 or more grams of heroin from Thailand into the United States, in violation of 21 U.S.C. §§ 952(a), 960(b)(2)(A), and 18 U.S.C. § 2.
 
 X.
 
 18
 Page contends that his trial counsel's representation was ineffective. Page bases this contention on grounds not presented to the district court. Page now argues that his trial counsel failed to introduce a letter written by Donald Logan Kastner, that he failed to appeal from the denial of Page's motion to suppress, that he failed to object to the introduction of the alleged coerced statement and other allegedly inadmissible evidence at the suppression hearing, and that he failed to present a proper defense in requesting dismissal of the indictment.
 
 
 19
 Page may not raise these issues for the first time in this appeal. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991); Lepera v. United States, 587 F.2d 433, 435 n. 1 (9th Cir.1978). We have recognized three exceptions to this general rule against review on appeal of issues not raised below:
 
 
 20
 if (1) there are "exceptional circumstances" why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court.
 
 
 21
 United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990). "Further exception may be made when plain error has occurred and an injustice might otherwise result." Flores-Payon, 942 F.2d at 558.
 
 
 22
 Page has not demonstrated that his case warrants the application of any of the exceptions to the rule. We therefore decline to review issues raised for the first time in this appeal.
 
 XI.
 
 23
 Page asserts that his trial counsel rendered ineffective assistance of counsel in failing to introduce evidence tending to show he was not guilty of aiding and abetting the importation of heroin at the suppression or the sentencing hearing. This issue was presented to the district court in Page's section 2255 motion. Page appears to be referring to the trial counsel's discovery request for the name of "any person ... who has made an arguably favorable statement concerning Mr. Page's lack of participation in the crime charged, and the content of the favorable statement." At the pretrial hearing relating to the discovery request, trial counsel stated that Botts' ex-girlfriend, Sharon Simmons, had represented that Botts had written a letter while he was imprisoned in Thailand that appeared to exonerate Page. Counsel also reported to the court that Simmons had thrown the letter away. Page's attorney advised the district court that he "assumed" that Thai officials had copied the letter and given it to the United States prosecutor. The prosecutor stated that he had not received any letter written by Botts from Thai officials. "To obtain discovery under [Federal Rule of Criminal Procedure] 16 ... a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir.1990).
 
 
 24
 In support of this contention, Page attached to his pro se section 2255 motion a copy of a sworn statement by Botts before a counsel of the U.S. Embassy in Bangkok. The Botts statement was executed on March 19, 1991, more than a year after the sentencing hearing. This statement did not refer to a letter that exonerated Page. Page has failed to present any facts refuting the prosecutor's statement to the court that he did not possess a letter written by Botts.
 
 XII.
 
 25
 Page contends that he was denied effective assistance of counsel in pursuing his section 2255 motion by members of the federal public defenders office. Page complains of their alleged "lack of concern" and "lack of information." Because Page does not have a Sixth Amendment right to counsel in a 28 U.S.C. § 2255 proceeding, we do not consider his claim that he was denied effective assistance of counsel during his post-conviction proceedings. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990) (defendant cannot raise ineffectiveness of counsel claim because he had no right to counsel on his collateral post-conviction 28 U.S.C. § 2255 petition); Coleman v. Thompson, 111 S.Ct. 2546, 2566 (1991) (no constitutional right to attorney in state post-conviction proceedings).
 
 XIII.
 
 26
 Page asserts that the prosecutor was guilty of misconduct at the arraignment proceedings. This issue was not raised in Page's section 2255 motion. We decline to consider this issue because Page has not demonstrated any exceptional circumstances that excuse his failure to present this claim to the district court. Flores-Payon, 942 F.2d at 558; Eller v. United States, 327 F.2d 639, 640 (9th Cir.1964).
 
 XIV.
 
 27
 Page also contends that the prosecutor was guilty of misconduct in the post-conviction proceedings below. Page alleges that the prosecutor "used derogatory and illegal statements" in his response to Page's section 2255 motion. The prosecutor stated in his response that
 
 
 28
 the transparency of Page's post-conviction untruths and his complete willingness to lie, cheat, and defraud in order to get out of jail is readily exposed by the Record in the criminal case.... In his 2255 petition, Page attempts to paint to this Court a sympathetic, but entirely, fraudulent picture of himself as being an innocent dupe.... What Page fails to tell this Court ... is that Page himself has been directly involved in drug trafficking in his own right for a lengthy period of time.
 
 
 29
 The prosecutor acted properly in reminding the district court that Page had previously been involved in narcotics trafficking. See 21 U.S.C. § 850 ("no limitation shall be placed on the information concerning the background, character, and conduct" for purposes of sentencing). The prosecutor's characterization of Page as untruthful and fraudulent did not violate Page's due process rights. See United States v. Rewald, 889 F.2d 836, 862 (9th Cir.1989), cert. denied, 111 S.Ct. 64 (1990) (prosecution's description of defendant as a "lizard" and a "Hydra, a nine-headed serpent" did not violate due process); United States v. Birges, 723 F.2d 666, 672 (9th Cir.), cert. denied, 466 U.S. 943 (1984) ("It is neither unusual nor improper for a prosecutor to voice doubt about the veracity of a defendant who has taken the stand. The prosecutor's interpretation of [appellant's defense] as a 'fabrication' is also well within the bounds of acceptable comment.").
 
 
 30
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3