5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony DEL GUZZI, Defendant-Appellant.
 No. 92-50306.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 30, 1993.*
Decided Sept. 2, 1993.
 
 1
 Appeal from the United States District Court, for the Central District of California, D.C. No. CR-85-379-AWT; A. Wallace Tashima, District Judge, Presiding.
 
 
 2
 C.D.Cal.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: BRUNETTI, KOZINSKI, and BOGGS,** Circuit Judges.
 
 
 5
 MEMORANDUM***
 
 
 6
 Del Guzzi, a federal prisoner, appeals pro se the district court's order denying his motion to set aside his sentence under Fed.R.Crim.P. 35(a). We affirm.
 
 
 7
 An appellate court's review of the trial court's disposition of a motion to correct an allegedly illegal sentence under Rule 35(a) is narrowly limited to determining whether the sentence is within requisite legislative limits, and if so, whether its imposition was an abuse of discretion. United States v. Pomazi, 851 F.2d 244, 247 (9th Cir.1988). Under Rule 35, as applied to offenses prior to November 1, 1987, a district court may correct an illegal sentence at any time; however, such authority "extends only to the illegal portion of the sentence, and does not empower the district court to reach legal sentences previously imposed." United States v. Lewis, 862 F.2d 748, 750 (9th Cir.1988), cert. denied, 489 U.S. 1032 (1989).
 
 I.
 
 8
 Del Guzzi first contends that his sentence is illegal because the Assistant United States Attorney ("AUSA") involved in the prosecution of his case misrepresented to Del Guzzi that his federal sentence would run concurrently with his state sentence and Del Guzzi claims that he relied on this misrepresentation in deciding to plead guilty. It is not apparent from the record that such a misrepresentation was made by the AUSA nor that Del Guzzi relied on such in his decision to plead guilty.
 
 
 9
 "Plea agreements are contractual in nature and are measured by contract law standards." United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990). Under the contract principles of plea agreements, "courts will use objective canons of interpretation to construe plea agreements." United States v. Partida-Parra, 859 F.2d 629, 633. The plea agreement states that the government would not oppose the sentences running concurrently. The plea agreement is very clear, and it cannot be read as including a promise regarding the manner in which Del Guzzi would serve his sentence. Del Guzzi himself answered the district judge in the negative when asked if any promises had been made to him regarding his sentence. [E.R. p. 9-10]. Therefore, Del Guzzi has not sustained the burden of proof regarding an illegal sentence because of a breach of the plea agreement by the government. Santobello v. New York, 404 U.S. 257, 262 (1971).
 
 II.
 
 10
 Del Guzzi also claims that his sentence was illegal under Rule 35. He argues that the Parole Commission frustrated the intent of the state judge by not transferring him to federal custody so his state and federal sentences could run concurrently.
 
 
 11
 Although the state judge ordered Del Guzzi's state sentence to run concurrently with his federal sentence, this order is not binding on the Parole Commission. "[T]he Parole Board has the sole authority to decide when a parole violation warrant will be executed." Smith v. United States Parole Commission, 875 F.2d 1361, 1364 (9th Cir.1989) (quoting Lepera v. United States, 587 F.2d 433, 435 n. 1 (9th Cir.1978)). "[T]he federal government has no duty to take anyone into custody." Id. If the Parole Commission decides not to execute its warrant, the parole violator warrant may be placed as a detainer at the institution where the parolee is serving his new sentence. 18 U.S.C. Sec. 4214(b)(1). The decision to run the unexpired term of Del Guzzi's federal parole violator term consecutively to his new federal sentence belongs to the Parole Commission. Smith, 875 F.2d at 1364.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 Honorable DANNY J. BOGGS, United States Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3