Vincent Frank SANTA, Petitioner–
Appellant,

v.

James TIPPY, Warden, FCI Ray
Brook, Respondent–Appellee.

No. 685, Docket 93–2365.

United States Court of Appeals,
Second Circuit.

Submitted Dec. 10, 1993.

Decided Jan. 11, 1994.

Linda S. Sheffield, Atlanta, GA, submitted a brief for petitioner-appellant.

Gary L. Sharpe, U.S. Atty., Joshua W. Nesbitt, Asst. U.S. Atty., Albany, NY, submitted a letter brief for respondent-appellee.

Before: NEWMAN, Chief Judge, OAKES, and CARDAMONE, Circuit Judges.

JON O. NEWMAN, Chief Judge:

This appeal concerns the interplay between the unexpired portion of a parolee's sentence and a new sentence imposed for an offense committed while on parole. Vincent Frank Santa appeals from the May 24, 1993, judgment of the District Court for the Northern District of New York (Magistrate Judge Daniel Scanlon, Jr.) dismissing a petition for habeas corpus. Santa contends that the unexpired portion of his prior sentence and the new sentence must run concurrently. We disagree and therefore affirm.

### Facts

Santa was paroled in 1983 after serving part of a 20–year federal sentence for theft from an interstate shipment. He was obliged to remain under supervision until July 9, 1996. While on parole, he committed a Hobbs Act offense for which he was arrested on April 28, 1986. A parole violator warrant was issued on April 29, 1986, and lodged as a detainer at the institution where Santa was confined on the Hobbs Act charge. *See* 28 C.F.R. § 2.44. The warrant contained a printed instruction that, in the absence of special instructions from the Parole Commission, the warrant was not to be executed if the subject was being held in custody on federal or state charges. On May 16, 1986, Santa was admitted to bail on the Hobbs Act

charge and immediately arrested on the parole violator warrant.

In February of 1987, the Commission ordered Santa's parole revoked, forfeited his "street time," *i.e.*, the three years he had served on parole, and continued the revocation hearing. At this point Santa had been convicted of the Hobbs Act offense but had not yet been sentenced. A notice of action confirming the Commission's February decision was issued on March 9, 1987.

On March 20, 1987, then-District Judge McLaughlin sentenced Santa to two concurrent terms of 10 years on the two counts of the Hobbs Act indictment, and explicitly ordered that the 10–year sentence "shall run consecutive to the sentence imposed on the Violation of Parole."

On March 9, 1988, the Commission resumed the continued revocation hearing, combining it with an initial hearing to set a date for parole on Santa's Hobbs Act convictions. The Commission decided to continue Santa's custody until April 28, 1995, setting what it referred to as a "presumptive parole" date to be reached after serving nine years, measured from the date that Santa was returned to custody in 1986. This decision was confirmed in a notice of action dated April 13, 1988, and in a subsequent notice of action dated April 27, 1990.

Santa then applied to Judge McLaughlin for correction of what he claimed was an illegal sentence. *See* Fed.R.Crim.P. 35. He contended that the "consecutive" feature of the District Court's sentence was illegal because only the Commission can determine whether a revocation sentence and new sentence run consecutively or concurrently. That motion precipitated several misunderstandings. First, an Assistant United States Attorney, in opposing the motion, informed the District Court that "one can infer that the Commission has already, in effect, determined that the defendant's violation of parole sentence should run concurrent, not consecutive, to his ten-year sentence." Then, the Government advised the Court that the defendant was correct in arguing that only the Commission can decide whether to run the sentences consecutively or concurrently, that the Judge's direction that his sentence was

consecutive was only advisory, and that his direction need not be corrected. The District Court accepted this "advice" and denied the motion on the ground that the Commission had chosen not to follow the Judge's recommendation and had run the sentences concurrently.

Santa then filed this habeas corpus petition, contending that the circumstances as understood by the Assistant United States Attorney and by the District Court on the Rule 35 motion were at variance with the sentence computation records of the Bureau of Prisons. Those records reflected an aggregate sentence of 23 years, comprising the 13 years remaining on the original sentence and the 10 years imposed on the new sentence. Santa requested an order requiring the Bureau of Prisons to treat his sentences as concurrent, a result he believes is intended by the Parole Commission. The Magistrate Judge, to whom the matter was referred by consent, denied relief, concluding that the Commission's decision "clearly implies that it intended petitioner's new sentence to run consecutively to the [parole] violator term."

### Discussion

█ What we confront are unusual circumstances, to put it delicately. A sentencing judge has purported to impose a consecutive sentence and then been persuaded by the prosecutor that the Parole Commission was free to ignore his direction and that the Commission has treated the revocation sentence and the new sentence as concurrent. The Bureau of Prisons treats the two sentences as consecutive. The Parole Commission sets a new presumptive parole date without specifying explicitly whether it regards the sentences as concurrent or consecutive. The Magistrate Judge, supported by the Government's new position, maintains that the Commission has the authority to run the sentences consecutively and has done so.

We begin the untangling of this snarl by focusing on the line of cases that has been too hastily invoked by the Government and the Magistrate Judge for the proposition that the decision as to whether the sentences run

concurrently or consecutively rests with the Commission. These cases, of which *D'Amato v. United States Parole Commission,* 837 F.2d 72 (2d Cir.1988), and *Heath v. United States Parole Commission,* 788 F.2d 85 (2d Cir.1986), *cert. denied,* 479 U.S. 953, 107 S.Ct. 443, 93 L.Ed.2d 391 (1986), are illustrative, construe 18 U.S.C. § 4210(b)(2), which provides that

> in the case of a parolee who has been convicted of a Federal, State, or local crime committed subsequent to his release on parole, and such crime is punishable by a term of imprisonment, detention or incarceration in any penal facility, the Commission shall determine, in accordance with the provisions of section 4214(b) or (c), whether all of any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense. . . .

In the typical situation where a parolee commits an offense while on parole, the Commission awaits the adjudication of the court with jurisdiction over the new offense before deciding (a) whether to arrest the parolee on a parole violator warrant and (b) whether to revoke parole. Once the parolee has been convicted and sentenced for the new offense, the Commission can exercise the discretion given by section 4210(b)(2) as to whether all or a portion of the unexpired term on the original sentence shall run concurrently or consecutively to the new sentence. *See Heath,* 788 F.2d at 91–92. The Commission accomplishes this exercise of discretion by deciding either to execute its parole violator warrant or to leave it lodged as a detainer to await service of the new sentence. If the revocation warrant is executed, this has the effect of starting the running of the unexpired portion of the original sentence, *see Distillator v. Civiletti,* 612 F.2d 194, 197 (5th Cir.1980); *Lepera v. United States,* 587 F.2d 433, 435 (9th Cir.1978), in which event that portion of the old sentence runs concurrently with the new sentence, *id.* On the other hand, if the warrant is not executed until after the new sentence is served but is lodged as a detainer, the Commission can determine whether to revoke parole, *see Moody v. Daggett,* 429 U.S. 78, 88, 97 S.Ct.

274, 279, 50 L.Ed.2d 236 (1976), and can order the remaining portion of the old sentence to be served consecutively to the new sentence, *see Zerbst v. Kidwell,* 304 U.S. 359, 361–62, 58 S.Ct. 872, 873, 82 L.Ed. 1399 (1938); *D'Amato,* 837 F.2d at 78–79; *Heath,* 788 F.2d at 87, 91–92; *Sadler v. United States,* 313 F.2d 106, 107 (10th Cir.1963). In that event, a statement by the sentencing judge, prior to parole revocation, that the new sentence is to run concurrently with the unexpired portion of the old sentence (yet to be reimposed) is only a non-binding recommendation to the Commission, *see Heath,* 788 F.2d at 92; *Adams v. United States,* 432 F.2d 62, 64 (5th Cir.1970); *Sadler,* 313 F.2d at 107. Indeed, it has been held that the execution of a parole violator warrant contrary to the Commission's instructions is invalid, and, in such circumstances, the Commission may issue a new warrant, lodge it as a detainer until completion of the new sentence, and thereby run the unexpired term consecutively to the new sentence. *See McConnell v. Martin,* 896 F.2d 441 (10th Cir.1990), *cert. denied,* 498 U.S. 861, 111 S.Ct. 167, 112 L.Ed.2d 131 (1990).

Santa's case is different from the usual sequence because the parole violator warrant was executed and his parole was ordered revoked *before* his new sentence was imposed. Thus, the question arises whether the Commission's discretion to run the unexpired portion of the old sentence concurrently or consecutively with the new sentence exists only in the typical case where the parole violator warrant is executed and parole is revoked *after* the new sentence is imposed, or also in the unusual case, like Santa's, where these events occur before the new sentence is imposed.

The wording of section 4210(b)(2) suggests that Congress expected its provisions to apply to cases following the usual sequence where a parolee "has been convicted of a Federal, State, or local crime committed subsequent to his release on parole" and the Commission then "shall determine" whether to run the unexpired term concurrently or consecutively. The legislative history also indicates that this sequence was contemplated since it refers to "an individual whose

parole has been revoked *upon conviction* of any new criminal offense that is punishable" by imprisonment. *See* H.R.Conf.Rep. No. 94–838, 94th Cong., 2d Sess. 32 (1976), *reprinted in* 1976 U.S.C.C.A.N. 335, 364 (emphasis added). Moreover, though there is a strong interest in making sure that the Commission has the option of running the unexpired term consecutively to the new sentence, once that sentence has been imposed, *see Zerbst v. Kidwell,* 304 U.S. at 363, 58 S.Ct. at 874, that discretion is obviously more intelligently exercised after, not before, the length of the new sentence has been fixed. Indeed, it has been held that a sentencing judge cannot fit a sentence to run either concurrently or consecutively with a sentence that has not yet been imposed by another authority. *See Mack v. Nelson,* 455 F.Supp. 690, 692 (D.Conn.1978). The same logic would indicate that the Commission cannot fit the unexpired portion of a prior sentence to run either concurrently or consecutively with a new sentence not yet imposed.

■ It is arguable that Congress might wish to accord the Commission the option of requiring the unexpired portion of the old sentence to run consecutively to the new sentence, even in advance of knowing the length of the new sentence, but it would take a clearer expression of that objective than we find in section 4210(b)(2) to authorize such a procedure. In the absence of such authority, the Commission can run the unexpired term consecutively, if it wishes, in any case where the warrant is not executed and parole is not revoked until after the new sentence is imposed. In rare cases where these events occur before the new sentence is imposed, the discretion whether the two sentences should run consecutively is available to be exercised by the sentencing judge.[1]

Thus, since the Parole Commission put into effect the unexpired portion of Santa's original sentence before Judge McLaughlin imposed the new sentence, the Judge was entitled to run his new sentence consecutively to the unexpired portion of Santa's original

sentence. At the hearing on the Rule 35 motion, the prosecutor was quite wrong to have advised the Judge that the two sentences were running concurrently. Finally, the Magistrate Judge was correct to have rejected Santa's habeas challenge to the consecutive running of the new sentence and the unexpired portion of the old sentence, not, as he thought, because the Commission had discretion to require that result, but because Judge McLaughlin had such discretion and had properly exercised it.

The judgment of the District Court is affirmed.

---

1. We need not decide in this case whether, once the Commission executes its parole violator warrant prior to the new sentence but defers a decision as to parole revocation until after sentencing, the Commission could interrupt the running of the unexpired term and, with the new sentence at hand, decide whether the then remaining portion of the unexpired term must be served consecutively to the new sentence.