28 F.3d 111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George WHITMORE, Jr., Petitioner-Appellant,
v.
J.D. SWINSON, Jr., Respondent-Appellee.
 No. 93-56252.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 7, 1994.
 
 Before: TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Whitmore, Jr., a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2241 habeas corpus petition. Whitmore contends the United States Parole Commission (Commission) improperly filed as a detainer an executed parole violator warrant against him in 1988, thus preventing him from serving his violator term concurrently with his current federal sentence. He also claims that (1) subsequent Commission decisions superseded the 1988 decision to file the warrant as a detainer, (2) he should receive good-time credit for his current incarceration against his violator term, and (3) the 120-month violator term ordered by the Commission exceeds the time remaining on his original sentence. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Smith v. United States Parole Comm'n, 875 F.2d 1361, 1363 (9th Cir.1988), and affirm.
 
 
 3
 * Background
 
 
 4
 On October 1, 1976, Whitmore was convicted of bank robbery and sentenced to twelve years incarceration (the 1976 sentence). On March 16, 1984, he was released on parole and was to remain under supervision until April 3, 1988.
 
 
 5
 On September 12, 1985, while on parole, Whitmore was arrested for robbing another bank. His probation officer requested a warrant for Whitmore's arrest as a result of the robbery. The warrant was issued by the Commission on October 25, 1985.
 
 
 6
 On January 6, 1986, Whitmore was convicted in federal court upon entry of a guilty plea to the 1985 robbery and sentenced to fifteen years incarceration (the 1986 sentence).
 
 
 7
 On January 5, 1988, the Commission gave Whitmore a combined initial parole hearing on the 1986 sentence and a dispositional revocation hearing on his mandatory release violations on the 1976 sentence. The Notice of Action, dated January 20, 1988, ordered that Whitmore continue to the expiration of his sentence on the 1986 sentence, approximately 120 months. Although this was above the parole guideline range, the Commission provided reasons in support of the upward departure. The Commission also recommended that Whitmore be paroled from his violator term on the 1976 sentence after 120 months. The Commission, however, revoked Whitmore's mandatory release on the 1976 sentence, ordered that no credit be given for the time spent on mandatory release, and ordered that the parole violator warrant remain "lodged as a detainer while [Whitmore] presently serves" the 1986 sentence. Whitmore was also subject to a special drug aftercare condition.
 
 
 8
 Statutory interim hearings were held on July 10, 1990, and July 7, 1992. Notices of Action filed in both cases recommended no change in the January 1988 Notice of Action. Whitmore appealed both Notices of Action, but each was affirmed by the National Appeals Board of the Commission.
 
 
 9
 Whitmore is scheduled for his next interim hearing during July 1994, the same month projected for his mandatory release date on the 1986 sentence.
 
 II
 Analysis
 
 10
 If a parolee is convicted of a criminal offense while on parole, his parole violator warrant may be placed as a detainer at the institution where he is serving his new sentence. 18 U.S.C. Sec. 4214(b)(1). A warrant is not considered executed when it is placed as a detainer, and need not be executed until the new sentence has been served. Hopper v. United States Parole Comm'n, 702 F.2d 842, 848 (9th Cir.1983). The Supreme Court has expressly recognized that the Commission is "free to defer a final decision on parole revocation until expiration of the subsequent sentence." Moody v. Daggett, 429 U.S. 78, 84 (1976); see also Smith, 875 F.2d at 1364 ("[T]he 'Parole Board has the sole authority to decide when a parole violation warrant will be executed.' ") (quoting Lepera v. United States, 587 F.2d 433, 435 n. 1 (9th Cir.1978) (per curiam)).
 
 
 11
 This is exactly what the Commission did in Whitmore's case. We reject his characterization of the 1988 Notice of Action as an order executing his parole violator warrant. Accordingly, the district court did not err by denying this claim.
 
 
 12
 Furthermore, it is clear on the record before us that the July 1990 and July 1992 Notices of Action did not in any way modify the 1988 Notice of Action. Therefore, these later Notices of Action could not have directed the execution of the parole violator warrant.
 
 
 13
 Because we hold that the Commission has yet to execute the parole violator warrant, thus rejecting Whitmore's claim that he is serving concurrent terms on the violator sentence and the 1986 sentence, we must also reject Whitmore's argument that he should receive good-time credit against his parole violator sentence for time served on his 1986 sentence.
 
 
 14
 Finally, Whitmore's contention that the violator term imposed by the Commission exceeds the time remaining on his original sentence is frivolous. It is undisputed that Whitmore had approximately three years remaining on the 1976 sentence when he was released on parole in 1984. The issuance of the parole violator warrant in 1985 tolled the running of the 1976 sentence, see Anderson v. United States, 898 F.2d 751, 752 (9th Cir.1990) (per curiam), and the Commission has the authority to order forfeiture of Whitmore's street time as a consequence of parole revocation, see Rizzo v. Armstrong, 921 F.2d 855, 861 (9th Cir.1990). Thus, upon execution of the parole violator warrant, the Commission could order Whitmore incarcerated for some portion or all of the time remaining unserved on the 1976 sentence.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3