**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Michael F. GOODWIN, Defendant—Appellant.**

No. 00–56853.
D.C. Nos. CV–99–00311–GLT, CR–93–00067–GLT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2002.

Decided July 10, 2002.

Before ALARCÓN, SILVERMAN and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Michael Goodwin appeals from the denial of his motion for a new trial filed pursuant to Rule 33 of the Federal Rules of Criminal Procedure. He was convicted of one count of conspiracy and 12 counts of bank fraud, in violation of 18 U.S.C. §§ 371 and 1014. He contends that newly discovered evidence establishing his innocence and prejudicial prosecutorial misconduct in referring to Goodwin as a liar compel reversal of the judgment of conviction. He also argues that the district court erred in denying his motion for a new trial based on his contention that the Government failed to disclose exculpatory evidence as required by *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We affirm because we conclude that the district court did not abuse its discretion in denying the motion for a new trial based on Goodwin's failure to exercise due diligence in discovering the alleged significance of evidence in his possession prior to trial. We also conclude that Goodwin has failed to demonstrate

that the Government suppressed exculpatory evidence in violation of *Brady*. We further hold that the alleged prosecutorial misconduct and Jencks Act violation are not reviewable pursuant to Rule 33. As the parties are familiar with the factual and procedural background of the case, we do not summarize it here.

## I

Goodwin contends that the district court erred in denying his motion for a new trial based on newly discovered evidence. We review a denial of a motion for a new trial for abuse of discretion. *United States v. Holmes*, 229 F.3d 782, 789 (9th Cir.2000). An appellant carries a "significant burden" to show that a district court abused its discretion in denying a motion for a new trial. *United States v. Endicott*, 869 F.2d 452, 454 (9th Cir.1989). A district court's findings of fact must be accepted unless they are clearly erroneous. *Id.*

To warrant a new trial, an appellant must show that: (1) the evidence is newly discovered; (2) the failure to discover the evidence sooner was not the result of lack of diligence; (3) the evidence is material to the issues at trial; (4) the evidence is not cumulative nor merely impeaching; (5) the evidence would probably result in an acquittal. *United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir.1991).

■ The district court found that Goodwin did not exercise due diligence in discovering the significance of the evidence disclosed by the Government. The court based its finding on Goodwin's admission that the allegedly newly discovered evidence was in his counsel's possession prior to trial.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Goodwin maintains that the Government produced the documents in such a disorderly fashion that his attorney could not have discovered their significance prior to trial. Goodwin's counsel, however, did not at any time, prior to or during trial, request a continuance to allow him time to review the documents disclosed by the Government. Given Goodwin's failure to inform the court of any difficulty in reviewing these documents, the district court did not clearly err in finding that Goodwin did not exercise due diligence. *See Kulczyk*, 931 F.2d at 548–49 (stating failure to seek a continuance or to inform the judge of unavailability of evidence indicates a lack of due diligence). Moreover, because Goodwin was on notice that the trial would focus on his loan transactions, his failure to search for the loan and financial documents which he knew existed or had executed also demonstrates a lack of due diligence. *See, e.g., United States v. Arbelaez*, 719 F.2d 1453, 1462 (9th Cir. 1983) (affirming denial of motion for new trial where evidence was "known to defendants and available to them before trial"); *United States v. Sitton*, 968 F.2d 947, 960 (9th Cir.1992).

## II

Goodwin asserts that the court erred as a matter of law in denying the motion for a new trial because the Government failed to disclose exculpatory evidence as required by *Brady*. We review such a contention de novo. *United States v. Antonakeas*, 255 F.3d 714, 725 (9th Cir.2001). To prevail on a *Brady* claim, Goodwin must show that: "(1) the evidence was exculpatory or impeaching; (2) it should have been, but was not produced; and (3) the suppressed evidence was material to his guilt or punishment." *Id.* (quotation omitted). Evidence is material under *Brady* only if there is a reasonable probability that had it been disclosed to the defense, the result of the proceeding would have been different. *Id.*

■ The record shows that the allegedly exculpatory evidence in the Government's possession was disclosed to Goodwin prior to trial. Therefore, Goodwin has failed to demonstrate that the Government suppressed exculpatory evidence. *See United States v. Aichele*, 941 F.2d 761, 764 (9th Cir.1991) (determining that there is no suppression by the Government "[w]hen, as here, a defendant has enough information to be able to ascertain the supposed *Brady* material on his own").

Goodwin further asserts that the Government suppressed over 100 documents including items contained in the bankruptcy records subpoenaed by the Government. Without any evidentiary support in the record, he contends that these items were intentionally removed from various files by the Government. While Goodwin presented this factual claim in his second Rule 33 motion for a new trial, filed pro se on January 18, 2000, it was not raised in the first motion for a new trial, filed by his attorney on January 14, 2000. The district court had previously ordered that any Rule 33 motion for a new trial must come through Goodwin's attorney. Because Goodwin disobeyed this order by filing a second Rule 33 motion pro se, the district court refused to consider Goodwin's January 18 filing. Thus, Goodwin's claim that the Government suppressed over 100 documents was not properly presented to the district court. We do not consider matters raised for the first time on appeal that involve questions of fact to avoid prejudicing the opposing party. *Antonakeas*, 255 F.3d at 721.

## III

■ Goodwin maintains a new trial is warranted because the prosecutor made

false statements in his argument and committed misconduct in referring to the defendant as a liar. He also maintains that the Government violated the Jencks Act. These alleged errors were known to Goodwin before the jury was instructed. Rule 33 requires that a motion for a new trial on grounds other than newly discovered evidence must be made within seven days after the jury's verdict. "Evidence known or discovered before the trial is over is not newly discovered." *United States v. McKinney*, 952 F.2d 333, 336 (9th Cir. 1991). Goodwin's motion for a new trial was made more than seven days after the jury's verdict. Thus, the district court lacked jurisdiction to consider these contentions.

## IV

 Finally, Goodwin argues that he should be granted a new trial because the district court failed to rule on his *Brady* and Jencks Act pre-trial motions. Goodwin failed to raise this issue in his motion for a new trial. Accordingly, the district court did not have an opportunity to consider it. We decline to review issues that were not raised before the district court. *Lepera v. United States*, 587 F.2d 433, 435 n. 1 (9th Cir.1978).

AFFIRMED.